## THE PEOPLE v. BARNEY OLWELL.

EVIDENCE TO SHOW INSANITY UPON PLEA OF NOT GUILTY.—Upon a trial for murder, where the defendant pleads not guilty, he is entitled to have testimony introduced on his behalf to show his insanity at the time the alleged offense was committed.

ERROR IN LAW IN CRIMINAL CASE.—If in a criminal case the defendant is tried on a good indictment, and convicted and sentenced, and an error of law occurs in the progress of the trial to defendant's prejudice, and he appeals, the judgment must be reversed, although the defendant does not ask for a new trial.

POWER OF COURT TO GRANT A NEW TRIAL IN A CRIMINAL CASE.—If the defendant in a criminal case is convicted and appeals, and the judgment is reversed, the appellate Court may order a new trial, even though the defendant does not move for a new trial, and denies the power of the Court to grant a new trial.

A REVERSED JUDGMENT IN A CRIMINAL CASE NO BAR TO A NEW TRIAL.—If the defendant in a criminal case is convicted and appeals, and asks for a reversal of the judgment, but does not move for a new trial, a reversal of the judgment and an order for a new trial take from him the right of setting up the former trial and conviction in bar of another trial.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Asher B. Bates*, for Appellant.

By the common law *all* Courts are without authority to grant a new trial *after a conviction*, or *discharge the prisoner*.

By the statute of this State (Wood's Digest, p. 304, §440) the District Courts may grant a new trial when certain speci-

fied errors or irregularities have occurred, namely: 1st, when
the trial has been had in the absence of the accused; 2d,
when the jury have received any evidence out of Court; 3d,
when the jury have separated without leave, or have been
guilty of any misconduct; 4th, when the verdict has been
decided by lot; 5th, when the Court has misdirected the jury;
or 6th, when the verdict is contrary to law or evidence.

Such specified errors or irregularities did not occur in this
case, which furnishes an explanation why a motion for a new
trial was not interposed upon the suggestion of the presiding
Judge. An appeal therefore became necessary, and by the
local law it is declared that by this Court " any decision of
the Court (below) in an intermediate order or proceeding
forming any part of the record, may be reviewed," (Wood's
Digest, p. 308, §484,) and " the appellate Court may *reverse,
affirm,* or *modify* the judgment appealed from, and may, if
*necessary or proper, order a new trial,*" (Wood's Digest, p.
309, §500,) and " if a judgment against the defendant be
reversed without ordering a new trial, the appellate Court shall
direct, if he be in custody, that he be discharged therefrom."
(Wood's Digest, p. 309, §502.)

There is no motion for a new trial pending, and unless this
Court orders a new trial upon its own motion, (which is not
anticipated,) perpetual imprisonment or a discharge is the
alternative.

But even if such a motion was pending, then it would be a
grave question, which I shall not discuss, whether the appel-
lant could waive the constitutional inhibition, that " no person
shall be subject to be twice put in jeopardy for the same
offense." He has elected to ask to be discharged, and it is
claimed this Court is without a choice, as it cannot permit
perpetual imprisonment. The judgment being reversed, the
appellant stands convicted, and if he cannot be held in per-
petual custody, a new trial cannot be ordered after a convic-
tion, as another alternative. It is conceded that it has been
a mooted question before many of the State Courts, whether

58

a mistrial for any cause, and no verdict rendered, did not operate as an acquittal. Without specially reviewing the cases, I refer the Court to Judge Story's opinion (2 Sumner, 37, and to 25 N. Y. 416 ; and *Hartung* v. *The People*, 26 N. Y. 167.)

*J. G. McCullough, Attorney-General*, for the People.

Under a plea of " not guilty," a defendant in this State can give in evidence any matter tending to establish a defense, other than that of a former conviction or acquittal, and consequently can show his irresponsibility for the crime. (Crim. Prac. Act, Sec. 304.)

Assuming that the Court erred—

1st. The defendant on his *own motion* would have been entitled to a new trial. This is now true in England and in this country, and especially in our State, under our statute providing for new trials in criminal cases. The counsel for appellant is wrong both as to our statute and the common law. And it is well settled that the new trial would have been no new jeopardy, as if error occurred defendant was never in jeopardy, and this whether it be an error of the Court or the jury. It is useless at this day to discuss this point. (Crim. Prac. Act, Sec. 632, Amendment 1863, p. 162, 5th subdivision ; *Reg.* v. *Scaife*, 2 Den. C. C. 281 ; 2 Wharton's Am. Crim. Law, Sec. 3,061 *et seq.; Commonwealth* v. *Green*, 17 Mass, 534; *State* v. *Prescott*, 7 N. H. 288; *U. S.* v. *Veen*, 1 McLean, 438; *Grayson* v. *Commonwealth*, 6 Grattan, 723 ; *Weingarpflin* v. *State*, 7 Blackf. 196 ; *U. S.* v. *Connor*, 3 McLean, 574 ; *People* v. *Morrison*, 1 Parker C. C. N. Y. 643, 635 ; *Hasting* v. *People*, 26 N. Y. 179, 180, 181, 187, 188 ; *People* v. *March*, 6 Cal. 543; *People* v. *McNealy*, 17 Cal. 335.)

We have referred to but a few of the leading cases. The cases in New York, relied on by appellant's counsel, are not analogous, and do not sustain his position. In those cases the Legislature had repealed the law providing the punishment, and consequently the defendants could not be punished or re-tried under another law.

2d. Was not Judge Pratt, when discovering an error in his former rulings, right in tendering defendant a new trial? (*United States* v. *McComb*, 5 McLean, 287.)

3d. If the defendant does not see fit to move for a new trial, or to accept it when tendered, he has a right to thus waive the error and suffer execution. He may testify against himself before a grand jury. (*People* v. *King*, *ante.*) He may testify against himself before a petit jury. (*People* v. *Bruzzo*, 24 Cal. 41.) He may refuse to plead, after demurrer overruled, and let judgment of guilty be passed. (*People* v. *King*, *ante.*) He may waive a trial by jury altogether. (*French* v. *Teschemacher*, 24 Cal. 559.) And in this case the defendant might plead guilty, or refuse a new trial, and let the judgment be executed. If he insists upon his right, he is entitled to be hung as the judgment stands against him. If to secure himself against the jeopardy of a second trial he prefers to undergo the sentence upon the first, he is entitled thus to do. (*United States* v. *Kean*, 1 McLean, 439 ; *People* v. *Morrison*, 1 Parker, 636, 641 ; *United States* v. *Harding*, 1 Wallace C. C. 143 ; 2 Whar. Am. Crim. Law, Sec. 3,077.) When the defendant, by entry of record in the Court below, refused a new trial, was he not forever estopped to ask it, and must he not suffer execution ? (*United States v. Harding*, 1 Wallace, Jr. 148.)

4th. But this Court is relieved from such action by our statute, which empowers it to grant a new trial if proper or necessary for the ends of justice, (Crim. Prac. Act, Sec. 500,) which it is hoped will be done.

5th. Asking affirmative relief of this Court from the judgment below is a waiver on the part of defendant, and on a new trial, if granted, he will be estopped from setting up the former judgment in bar. (*Gerard* v. *People*, 3 Scammon, 362 ; *Lane* v. *People*, 5 Gilman, 308.) It is presumed, therefore, that this judgment will be reversed, and that that reversal will run back to the error committed in the proceedings below; that with it, it will carry the verdict and the whole proceedings of the District Court on the trial, leaving standing the indictment. Upon that indictment defendant is to have a

trial. It raises against him a presumption of guilt for all purposes except for a fair and impartial trial before a petit jury. (*People* v. *Tinder*, 19 Cal. 543.) That trial he has never yet had, and that presumption is not yet removed, and this Court will not discharge the defendant, but will award him a fair trial upon a sufficient indictment.

By the Court, CURREY, J.

The defendant was indicted for the murder of James Irwin. He pleaded not guilty. On the trial it was proposed, on the part of the defendant, to prove that he was insane when he committed the homicide. The counsel for the people objected to the testimony offered, and the Court sustained the objection, on the ground that upon the trial upon the plea of not guilty the defendant could not introduce evidence to show he was insane at the time the offense was alleged to have been committed, assigning as a reason for such decision that it was provided by the Third Chapter of Title XII of the Act to regulate proceedings in criminal cases (Laws 1851, p. 277) that the question of the insanity of the defendant must be tried upon a special issue. To this ruling of the Court the defendant's counsel excepted. The defendant was found guilty of murder in the first degree. At the time appointed for pronouncing judgment, the Court, in the presence and hearing of the defendant, inquired of his counsel if he desired, on behalf of the prisoner, to move for a new trial, stating, at the same time, that if such motion was made the inclination of the Court was to grant it, and also stating that such inclination arose from a conviction that there was error committed by the Court on the trial in making the decision above noticed. The defendant's counsel declined to ask or move for a new trial. The Court then pronounced judgment that on a particular day the defendant be hanged by the neck until he should suffer death.

A bill of exceptions on behalf of the defendant was settled and signed by the Judge of the Court, and then filed, which

is brought before this Court by the defendant on appeal from the judgment.

The defendant's counsel does not ask this Court to reverse the judgment ·and order a new trial of the cause, but to reverse the judgment and order the defendant discharged.

That the Court below erred in rejecting evidence of the defendant's insanity at the time he killed Irwin, the learned Judge of that Court admitted when the suggestion was made that if a new trial was applied for on behalf of the defendant it would be granted; and in this Court the Attorney-General has confessed the error. We deem it unnecessary to say more than that we also are satisfied that the ruling of the Court below was erroneous and that on account of it the judgment should be reversed; but whether it is competent for this Court to order a new trial, upon a reversal of the judgment, involves the consideration of a constitutional provision of grave importance.

The defendant was tried upon a sufficient indictment. The verdict of the jury was that he was guilty of murder in the first degree, as charged in the indictment. Upon this verdict the judgment of the law was pronounced. By his appeal the defendant asks this Court to reverse this judgment for error of law which occurred prior to the verdict in the progress of the trial, to his injury. For the error assigned the judgment must be reversed, and we are of the opinion it is proper to order a new trial of the case, if it can be done. But on the part of the defendant the power of the Court to do so is denied on the ground that thereby the defendant would be put in jeopardy the second time, when the Constitution declares that " no person shall be subject to be twice put in jeopardy for the same offense."

This question was passed upon and decided in this State in the case of *The People* v. *March*, 6 Cal. 546. In that case the defendant was indicted for murder, and was convicted of the crime. The judgment was reversed by the Supreme Court for an error committed on the trial, and a new trial was ordered. After the remittitur had been filed in the Court in which the

defendant was tried, the indictment was set aside on application of the Prosecuting Attorney, and a new indictment was found against the defendant for the same offense, to which he pleaded not guilty; and he also pleaded specially *autrefois convict* and the reversal of that conviction by the Supreme Court. He was tried, found guilty and sentenced to death. On appeal from this judgment, March, the defendant, claimed that he was entitled to be discharged on the dismissal of the first indictment against him, and that the trial and the subsequent proceedings under the second indictment were in violation of the constitutional provision before cited. To this the Court in its opinion answered: "This provision was never intended to apply to cases in which a judgment of conviction was reversed in the appellate Court, and a new trial ordered. In such cases it being apparent, from the judgment of the reversal, that such trial was erroneous, the defendant, in fact, was not in jeopardy. The order for a new trial places the party in the same position as though no trial had been had."

It has been a maxim of the common law for centuries, that no person shall be subject for the same offense, to be twice put in jeopardy of life or limb. (4 Black. Com. 335.) This maxim is incorporated in the Constitution of the United States and also in the Constitutions of many of the States of the Union. That "no person shall be subject to be twice put in jeopardy for the same offense," is a part of the Constitution of this State. This constitutional maxim is intended for the protection of the citizen from oppression, and not as a shield to the guilty. If one accused of crime has once been tried and convicted of it, and judgment has passed against him, the law is satisfied. If he has been tried and acquitted, he is in the eye of the law innocent of the offense of which he was accused. But to constitute a former conviction a bar to a second trial for the same offense, it must appear that the judgment or verdict of conviction was final; otherwise the accused cannot say he was in jeopardy. At common law upon a second indictment for the same offense, the prisoner could not avail himself of a former conviction, under the plea

of not guilty, but he was required to plead it specially. Then
to ascertain what constitutes a complete defense under the
clause of the Constitution cited, we need only to ascertain
what, in substance, is necessary to constitute at common law
a good plea of *autrefois acquit* or *autrefois convict*. (*Corn* v.
*Olds*, 5 Littell, 139, 140 ; *State* v. *Ainsworth*, 11 Verm. 92.)
Now by reference to the precedents of pleas of the kind men-
tioned, to be found in the early editions of Archibold's Crim-
inal Pleading, it appears that the defendant must aver that the
judgment, on which he relies as a bar to the further prosecu-
tion of the indictment against him, " remains in full force and
effect, and not in the least reversed or made void."  .

By taking and prosecuting his appeal, the defendant seeks
a reversal of the judgment.  The reversal of a judgment in
such a case, for error in the proceedings prior to the verdict,
operates to vacate the verdict.  The judgment and verdict
being reversed and held for naught, there is nothing left to
support the plea of *autrefois convict.*

As we understand the learned counsel for the appellant, his
position is that, while this Court may reverse the judgment of
the Court below for error which occurred on the trial, we have
no power to order a trial *de novo*, because by another trial the
defendant would be put in jeopardy more than once for the
same offense, and in support of his position he cites the case
of the *United States* v. *Gilbert*, 2 Sumner, 37, in which Mr.
Justice Story, in an elaborate opinion, endeavored to show
that when a trial had been regularly had before a Court of
competent jurisdiction, upon a good indictment, and a verdict
has been rendered by a competent jury, the party accused
cannot be tried a second time for the same offence.  He was
of the opinion that the provision of the Constitution which
adopts the maxim of the common law that a man shall not be
twice put in jeopardy for life or limb for the same offense,
presented an insurmountable barrier to a second trial, even if
applied for by the defendant himself. But Judge Davis, in
the same case, dissented from that part of the opinion of the
learned Justice which denied the power to grant a new trial

on the merits, upon the application of the prisoner to reverse
a verdict of conviction.    Referring to the English authorities
on the subject, he said:    "It is true, that, according to
approved authorities, the plea of *autrefois convict* depends on
the same principle as the plea of *autrefois acquit*—that no man
ought to be twice brought in danger of his life for one and
the same cause.    The doctrine establishes a right in the pris-
oner to resort to that defense, if it be attempted or moved
against his will to subject him to a second trial.    The case of
a verdict of conviction set aside at the request of the prisoner
is not suggested in those authorities, and would stand, in my
opinion, on very different ground.    The previous question
would not, I apprehend, under such circumstances, be con-
sidered as a sufficient bar to a second trial."    Opposed to the
doctrine of Mr. Justice Story is a strong current of decisions
to be found in the volumes of reported cases of the Federal
Courts, as well as of the highest Courts of many of the States
of the Union.    Many of these authorities are referred to by
Mr. Justice Harris, in his opinion in *The People* v. *Morrison*,
1 Parker's Cr. R. 626, in which he says Justice Story stands
alone in his construction of the constitutional provision under
consideration ; "that not a Judge of any Court in the United
States has been found to concur in his views."    (See also, *Com.*
v. *Green*, 17 Mass. 515.)

It is insisted, however, that if it be assumed that this Court
has the authority in certain cases to order a new trial, not-
withstanding the Constitution provides that "no person shall
be subject to be twice put in jeopardy for the same offense,"
such authority cannot be exercised unless it appears that the
defendant moved in the Court below for a new trial.    The
statute provides that on the trial of a person indicted for a
felony, exceptions may be taken by the defendant to a decision
of the Court upon a matter of law in certain specified cases.
Exceptions may be taken for rejecting testimony which ought
to be admitted, or for erroneously deciding any question of
law, not a matter of discretion.    (Laws 1851, p. 259, Sec.
433.) . On appeal, this Court is to ."give judgment without

regard to technical error or defect which does not affect the substantial rights of the parties," and "may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial. (Laws 1851, p. 267, Secs. 499, 500.) If it be necessary or proper in the judgment of the Court to make such order, its power is in nowise abridged because the defendant may fail or intentionally refuse to ask in terms for a new trial upon a reversal of the judgment. The Court is to determine the question of the necessity or propriety of ordering a new trial, and may exercise the power of making the order in such cases unless inhibited by the provision of the Constitution to which we have referred. The taking of an appeal from the judgment of conviction was a matter of the defendant's option. He had his choice to let the judgment stand, and abide the consequence of it, or to move for its reversal in order to relieve himself from the jeopardy in which he was by reason of it. The appeal was taken on his behalf, and for his benefit. The verdict and judgment by which his life was in peril being annulled at his request, the same are as though they never had been, and he is not in a position to set up the former trial and conviction in bar of another trial. (*United States* v. *Kean*, 1 McLean, 436; *United States* v. *Harding*, 1 Wallace, Jr., 142; *Gerard* v. *The People*, 3 Scam. 363.) The reversal of the judgment at the defendant's instance on appeal takes from him the right of setting up the former trial and conviction in bar of another trial as effectually as if he had secured the same end by a motion for a new trial.

The judgment is reversed, the verdict vacated, and a new trial ordered.