[No. 20329.   In Bank. — October 8, 1887.]

## THE PEOPLE, RESPONDENT, *v.* FRANK TRAVERS, APPELLANT.

CRIMINAL LAW — ATTEMPT TO COMMIT BURGLARY — VERDICT .MUST FIND DEGREE OF CRIME. — Where an information for an attempt to commit burglary fails to specify the degree of the crime charged by alleging whether the attempt was made in the daytime or the night-time, a verdict of conviction must find the degree of the crime of which the defendant is guilty; a mere verdict of "guilty as charged" is insufficient, under section 1157 of the Penal Code.

ID. — REVERSAL OF JUDGMENT — ONCE IN JEOPARDY. — Where a judgment in a criminal case is reversed on the ground that the verdict failed to find the degree of the crime of which the defendant was guilty, the defendant is not entitled to be discharged under section 13 of article 1 of the constitution, declaring that "no person shall be twice put in jeopardy for the same offense." Upon such a reversal, the case should be remanded for a new trial.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*G. W. McEnerney*, and *Frederick McGregor*, for Appellant.

*Attorney-General Johnson*, for Respondent.

SHARPSTEIN, J.—The defendant was charged in the information with an attempt to commit burglary,— whether in the night-time or daytime is not stated. The degree is not specified in the information. The defendant pleaded " not guilty." A trial was had. The jury rendered a verdict of "guilty as charged," and the court sentenced the defendant to imprisonment at San Quentin for the term of two years. The defendant appealed from the judgment, and his contention is, that the verdict is a nullity by reason of the omission to specify the degree of crime of which the jury found the defendant guilty.

Burglary is divided into two degrees. "Every burglary committed in the night-time is burglary of the first degree, and every burglary committed in the daytime is burglary of the second degree." (Pen. Code, sec. 460.) "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." (Id., sec. 1157.) Prior to the adoption of the code, the statute provided that "the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, designate by their verdict whether it be murder of the first or second degree." (Wood's Digest, 331.) The code has extended this provision to all crimes " distinguished into degrees." Therefore the construction given to the clause of the statute as it existed before the code, in murder cases, may guide us in construing it in its broader application. In *People* v. *Marquis*, 15 Cal. 38, the defendant was indicted for murder. The verdict of the jury was, guilty as charged in the indictment.

The judgment was reversed. The court said: "The statute" (Wood's Digest, 331) " provides that the jury

shall designate in their verdict the degree of the offense. This they have not done; and the court in a capital case cannot assume that they designed from a general finding to fix the grade of the crime."

The judgment was reversed, and the cause remanded for a new trial. In *People* v. *Campbell*, 40 Cal. 129, the court reversed the judgment because the verdict did not designate the degree of the crime. Under a similar statute the Supreme Court of Alabama held it to be error to pass sentence upon a verdict which did not specify the degree of murder of which the jury found the defendant guilty. The court said that the statute which required the jury to specify the degree was imperative, and that it was the right of the accused to have it complied with. (*Robertson* v. *State*, 42 Ala. 509.) To the same effect are the cases of *McGee* v. *State*, 8 Mo. 495; *Dick* v. *State*, 3 Ohio St. 89; and *Parks* v. *State*, 3 Ohio St. 101.)

We are unable to find any case in which the contrary has been held.

Since the adoption of the code this court held it to be error under section 1192, Penal Code, to sentence a defendant, upon a plea of guilty to a charge of burglary, without first determining the degree. (*People* v. *Jefferson*, 52 Cal. 452.)

It therefore follows that the judgment must be reversed, and here the question arises, What further order should be made? Appellant's counsel insists that we should order the discharge of the defendant under that clause of the constitution which declares that "no person shall be twice put in jeopardy for the same offense." (Const., sec. 13, art. 1.)

In none of the cases which we have followed thus far was there an order that the defendant be discharged from custody, but in each of them there was an order that the cause be remanded for a new trial. Since we reverse the judgment on the authority of those cases, we

deem it proper to make the same orders which were made in them.

Judgment reversed, and cause remanded for a new trial.

SEARLS, C. J., MCKINSTRY, J., THORNTON, J., TEMPLE, J., and MCFARLAND, J., concurred.

Rehearing denied.