[Crim. No. 922. Third Appellate District.—July 14, 1926.]

## THE PEOPLE, Respondent, v. JOE SACHAU, Appellant.

[1] CRIMINAL LAW—RAPE—SUBDIVISION 1, SECTION 261, PENAL CODE—PLACE OF PUNISHMENT—VERDICT.—Where a prosecution for rape is based upon subdivision 1 of section 261 of the Penal Code, it is within the province of the jury, under section 264 of the Penal Code, to fix the place of punishment.

[2] ID. — DEFECTIVE VERDICT—APPEAL—REVERSAL OF JUDGMENT—NEW TRIAL—JEOPARDY.—Where a defective verdict is rendered, the defendant is not entitled to discharge on reversal of the judgment, but a new trial will be granted; and upon a retrial the constitutional provision against double jeopardy (section 13, article I of the constitution) does not apply.

[3] ID.—PLEA OF FORMER JEOPARDY—APPEAL—MOTION FOR DISCHARGE. The plea of former jeopardy must be presented to the trial court, and is not available in the appellate court upon a motion for discharge.

[4] ID.—VERDICT—DEGREE OF CRIME—RAPE NOT DIVIDED INTO DEGREES. In a prosecution upon an information charging defendant with the commission of a felony, to wit, rape, in violation of subdivision 1 of section 261 of the Penal Code, a verdict finding the defendant "guilty of the crime of rape, a felony, as charged," is not defective, in that it does not find him guilty of the degree of the crime charged, as required by section 1157 of the Penal Code, since, under section 261 of the Penal Code, rape is not divided into degrees.

[5] ID.—PLACE OF PUNISHMENT—DUTY OF JURY—VERDICT—INSTRUCTIONS.—In such prosecution, the failure of the trial court to instruct the jury as to its power and duty under section 264 of the Penal Code to recommend the place of punishment constitutes reversible error; and the fact that defendant requested no instructions relative to such provision did not relieve the trial court from observing the terms and provisions thereof and advising the jury of the duty devolving upon it as well as its authority.

(1) 16 C. J., p. 1376, n. 18 New; 17 C. J., p. 372, n. 84 New; 33 Cyc., p. 1516, n. 90 New; 36 Cyc., p. 1160, n. 30. (2) 16 C. J., p. 262, n. 18, 20. (3) 17 C. J., p. 53, n. 83. (4) 16 C. J., p. 56, n. 70; 33 Cyc., p. 1418, n. 10, p. 1518, n. 3. (5) 16 C. J., p. 1026, n. 10 New, p. 1111, n. 88.

1. See 22 Cal. Jur. 410.
2. See 7 Cal. Jur. 946; 8 R. C. L. 141.
3. See 7 Cal. Jur. 995.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Miller, Judge. Reversed; motion to be discharged denied; retrial ordered.

The facts are stated in the opinion of the court.

Foltz, Rendon & Wallace and A. V. Scanlan for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was tried and convicted upon an information charging the defendant with the commission of a felony, to wit: that on or about the eighth day of October, 1925, etc., the defendant did wilfully, unlawfully, and feloniously have and accomplish an act of sexual intercourse with and upon a certain named female of the age of fifteen years and not the wife of the defendant, the information being based upon and charging the offense specified in subdivision 1 of section 261 of the Penal Code. The jury returned a verdict in the following words (omitting the title): ''We, the jury in the above entitled cause, find the defendant, Joe A. Sachau, guilty of the crime of rape, a felony, as charged.'' At the time fixed for pronouncing sentence the defendant moved that he be discharged from custody on the ground that the verdict of the jury was a nullity. This motion was denied and sentence pronounced. From the judgment of the court the defendant appeals and assigns two reasons as to why the judgment should be reversed, to wit: 1. That the court did not fully instruct the jury as to the law applicable to the case; 2. That the jury did not return a verdict fixing the degree of the crime and, also, insists that he should be discharged on the ground that he had been once in jeopardy.

The court, after having given certain instructions which we need not set forth, instructed the jury as follows: ''If the jury find to a moral certainty and beyond a reasonable doubt that the defendant Joe A. Sachau did, at and in the County of San Joaquin, State of California, and

on or about the 8th day of October, 1925, wilfully, unlaw-
fully, and feloniously have and accomplish an act of sex-
ual intercourse with and upon one Suzzanne La Porte, then
and there a female under the age of eighteen years, to
wit: of the age of fifteen years, and not then and there
the wife of the said Joe A. Sachau, then I charge you it
will be your duty to bring in a verdict of guilty of rape,
a felony, as charged,'' and, further, ''In this case you may
render one of two verdicts, namely: 1. We, the jury in
the above entitled cause, find the defendant Joe A. Sachau,
guilty of rape, a felony, as charged; or 2. We, the jury
in the above entitled cause, find the defendant not guilty.''

[1] The foregoing constitutes the only instructions
given to the jury relative to their powers under section
264 of the Penal Code. It will be observed that the jury
was not advised as to the authority vested in it to recom-
mend as to the place of punishment, as specifically provided
for in this section. It appears to have been the view of
the court that such provisions are merely directory and
might be disregarded. Notwithstanding the fact that the
code uses the mandatory form of language, to wit: The
jury ''shall'' perform certain functions. Although the
same argument is made here as in the case of *People* v.
*Rambaud, ante,* p. 685 [248 Pac. 954], we need not go into
a discussion of the meaning or interpretation of the sec-
tion, but will simply refer to that case, as authority for
holding that it is within the province of the jury to fix
the place of punishment. We also content ourselves in re-
ferring to the Rambaud case as to all questions concern-
ing the constitutionality of section 264 of the Penal Code.

Passing these questions, the appellant insists that the
foregoing verdict is a nullity, and, basing his argument
upon the cases of *People* v. *Terrill*, 132 Cal. 497–501 [64
Pac. 894], *People* v. *Tilley*, 135 Cal. 61 [67 Pac. 42],
and *People* v. *Small*, 1 Cal. App. 320 [82 Pac. 87], con-
tends that the judgment should be reversed and the cause
remanded, with directions to the trial court to discharge
the defendant. While the view contended for by the ap-
pellant has been approved by certain decisions of the
supreme court of this state, it is obvious that consideration
has not been given to the case of *People* v. *Tong*, 155 Cal.
579 [132 Am. St. Rep. 110, 24 L. R. A. (N. S.) 481, 102

Pac. 263]. In that case the court had before it a question similar to that which is here presented, and in referring to the cases upon which the appellant relies, uses the following language: "The only question presented for our determination is whether or not the court of appeal properly ordered the discharge of the defendant from custody upon the authority of *People* v. *Arnett,* 129 Cal. 306 [61 Pac. 930]. In that case the defendant had been charged with the crime of assault with intent to commit murder and had been convicted of assault with a deadly weapon. The verdict was held to be a nullity (*People* v. *Arnett,* 126 Cal. 680 [59 Pac. 204]), and on a second appeal (*People* v. *Arnett,* 129 Cal. 306 [61 Pac. 930]), it was determined that the defendant had been once in jeopardy, and that he was entitled to his discharge, as it appeared from the minutes of the trial court, which were before the Supreme Court, that he had not consented to the discharge of the jury without verdict. If it be the doctrine of the case of *People* v. *Arnett,* 129 Cal. 306 [61 Pac. 930], *People* v. *Smith,* 136 Cal. 207 [68 Pac. 702], *People* v. *Tilley,* 135 Cal. 61 [67 Pac. 42], and *People* v. *Curtis,* 76 Cal. 57 [17 Pac. 941], that the defendant has been once in jeopardy in every case wherein a verdict of guilty of a crime not strictly embraced within the pleadings has been returned and the jury has been discharged without his consent, then those cases should be overruled."

This court had before it the subject of defective verdicts in the case of *In re Colford,* 68 Cal. App. 308 [229 Pac. 63], where a defendant had been convicted of robbery without designation of the degree and it is there said: "The verdict and judgment being void, the imprisonment of petitioner in the state prison is illegal. He is not, however, entitled to be set at liberty but he must be tried anew. 'Where a verdict is so defective that no judgment can be entered on it, and the defendant fails to have it corrected when rendered, he is considered as consenting to the verdict, and as waiving any objection, including the plea of former jeopardy, to being put again on trial before another jury.' (8 R. C. L. 141.) 'Because a defendant waives his right by not objecting when an imperfect verdict is rendered, if it is set aside he shall not be discharged but tried anew.' (Bishop's New Criminal Pro-

78 Cal. App.—45

cedure, sec. 1016. See, also, *People* v. *Tong,* 155 Cal. 579 [132 Am. St. Rep. 110, 24 L. R. A. (N. S.) 481, 102 Pac. 263]; *State* v. *Rover,* 10 Nev. 388 [21 Am. Rep. 745]; *Mahany* v. *People,* 31 Colo. 365 [73 Pac. 26]; *Marshall* v. *State,* 73 Tex. Cr. Rep. 531 [L. R. A. 1915A, 526, 166 S. W. 722]; *State* v. *Bates,* 22 Utah, 65 [83 Am. St. Rep. 768, 61 Pac. 905].)'' The judgment in that case was that the defendant should be released from the state prison at Folsom and returned to the county of Yuba for trial. Upon a like state of facts, a like conclusion was reached by division two of the first appellate district in the case of *In re Davis,* 68 Cal. App. 801 [229 Pac. 1114].

[2] In 7 Cal. Jur., page 946, the text citing a number of California cases for authority, thus states the rule relating to double jeopardy, where a judgment is reversed: ''The constitutional provision against double jeopardy was never intended to apply to cases in which a judgment of conviction was reversed in an appellate court and a new trial ordered. Moreover, it is the generally accepted doctrine that a defendant's successful effort to set aside a verdict and judgment by means of a motion for new trial or appeal is a waiver of his constitutional right to object to being placed again in jeopardy. In effect he assents to all the consequences legitimately following such reversal, and consents to be tried anew,'' and on page 953 of the same volume, the law is further stated in this language: ''When a verdict of conviction is illegal or void, the jury should be sent out for further deliberation. But it does not follow that the discharge of the jury upon rendition of such a verdict operates as an acquittal; as it is a mistrial rather than a legal putting in jeopardy. Moreover, the defendant's successful effort to set aside the verdict and judgment is a waiver of his right to object to being placed again in jeopardy. It has been so held where a jury was discharged upon the rendition of a verdict convicting the defendant of an offense not embraced by the accusation.'' The text-writer here refers to the case of *People* v. *Tong, supra,* in which the cases relied upon by the appellant are, in effect, overruled as to the particular points upon which they are cited as authority. It is true the language of the supreme court in the Tong case, when referring to the cases upon which the appellant relies, uses

the words, "then these cases should be overruled," instead
of explicitly stating that they are overruled. The language
used, however, is insufficient to indicate that such cases are
not to be considered as authority upon questions such as
are presented for our consideration, and we are at liberty
to follow the great weight of authority setting forth a
contrary, and what we believe to be, the correct rule. In
the case of *People* v. *Travers,* 73 Cal. 580 [15 Pac. 293],
where the defendant was prosecuted upon an information
charging burglary without setting forth whether the of-
fense was committed in the daytime or the night-time, and
the jury returned a verdict of guilty as charged, upon ap-
peal, the same contention was made as is here presented.
The court there held the verdict insufficient on the ground
that the jury had not designated the degree of the crime,
and in so doing expressed its views as follows: "In *People.*
v. *Campbell,* 40 Cal. 129, the court reversed the judgment
because the verdict did not designate the degree of the
crime. Under a similar statute the Supreme Court of
Alabama held it to be error to pass sentence upon a ver-
dict which did not specify the degree of murder of which
the jury found the defendant guilty. The court said that
the statute which required the jury to specify the degree
was imperative, and that it was the right of the accused
to have it complied with," (citing a number of cases).
"We are unable to find any case in which the contrary
has been held. . . . It therefore follows that the judgment
must be reversed, and here the question arises, what fur-
ther order should be made? Appellant's counsel insists
that we should order the discharge of the defendant under
that clause of the constitution which declares that 'no per-
son shall be twice put in jeopardy for the same offense.'
(Const., sec. 13, art. I.) In none of the cases which we
have followed thus far was there an order that the de-
fendant be discharged from custody, but in each of them
there was an order that the cause be remanded for a new
trial. Since we reverse the judgment on the authority of
those cases, we deem it proper to make the same orders
which were made in them." This case came before the
court again in 77 Cal. 176 [19 Pac. 268]. The defendant
pleaded the former trial and defective verdict as once in
jeopardy. The court held the plea untenable, stating its

reasons as follows (quoting from the syllabus): "When the defendant procures a reversal of a former judgment of conviction upon appeal, though asking for a discharge for insufficiency of the verdict, and not for a new trial, if the prayer for a discharge be denied, and a new trial ordered, the defendant will be regarded as impliedly assenting to all the consequences legitimately following such reversal, and a plea of once in jeopardy by reason of the former trial cannot be sustained upon the new trial."

The supreme court again reviewed the cases we are now considering in the case of *People* v. *Lee Yune Chong,* 94 Cal. 379 [29 Pac. 776], and considers the questions urged upon this appeal so fully that we quote therefrom at length:

"The judgment must be reversed, however, because the verdict failed to find the degree of the crime. It has always been the statutory law that in a murder case the verdict of guilty must designate the degree of the crime of which the defendant is found guilty; and for many years the Penal Code has provided generally that 'whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime.' (Pen. Code, sec. 1157.) And it has been held here, in a number of cases, that when the degree is not found by the verdict (when the crime has degrees), the judgment will be reversed, and a new trial granted. (*People* v. *Marquis,* 15 Cal. 38; *People* v. *Campbell,* 40 Cal. 129; *People* v. *Jefferson,* 52 Cal. 452; *People* v. *Travers,* 73 Cal. 580 [15 Pac. 293]; *People* v. *O'Neil,* 78 Cal. 388 [20 Pac. 705].)

"Appellant's motion to be discharged was properly denied. While the failure of the jury to find the degree of the crime is an error for which the judgment must be reversed, it no more entitles appellant to a discharge than would any other reversible error committed during the progress of the trial.

"Appellant asks that the judgment be reversed and that he be discharged; and contends that as he did not move for a new trial, no new trial can be ordered. It will be observed that in the cases last above cited—where there was a failure to find the degree of the crime—new trials were ordered, though in most of them a new trial had not

been asked by the appellant. Under section 1260 of the Penal Code, the appellate court may reverse, affirm, or modify a judgment appealed from, 'and may, if proper, order a new trial.' It was expressly held in *People* v. *Olwell*, 28 Cal. 456, approved in *People* v. *Barric*, 49 Cal. 342, and *People* v. *Travers*, 77 Cal. 176 [19 Pac. 268], that —we quote from *People* v. *Travers*—'if a defendant in a criminal case is convicted and appeals, and the judgment is reversed, the appellate court may order a new trial, even though the defendant does not move for such new trial, and denies the power of the court to grant it.' And the case at bar is clearly one in which it is proper that a new trial should be ordered.

"Counsel for appellant argue the question of 'once in jeopardy,' but that question can arise only after an issue has been made by a plea of 'once in jeopardy.' It is not necessary, therefore, to discuss that question here, although it may not be out of place to say that the cases last above cited of *People* v. *Olwell*, 28. Cal. 456, *People* v. *Barric*, 49 Cal. 342, and *People* v. *Travers*, 77 Cal. 176 [19 Pac. 268], are strong authorities against the position taken by appellant on that question."

[3] The plea of former jeopardy, however, if available, must be presented to the trial court (*Rebstock* v. *Superior Court*, 146 Cal. 315 [80 Pac. 65], and is not available here upon motion for discharge.

[4] In the case at bar the verdict of the jury is not however defective, in that it does not find the defendant guilty of the crime charged in the information. The crime of rape is not specifically divided into degrees. (*People* v. *Rambaud, supra.*) The crime of rape may be committed under varying conditions, but it is simply one crime, to wit: rape, not having different degrees set forth in the statute as is done in dividing the crime of robbery. It partakes more of the nature of the crime of grand larceny, which may be committed in various ways, but it is still the crime of grand larceny without degrees, and it has been held that where an information charges the defendant with the crime of grand larceny a verdict of guilty is sufficient. (*People* v. *Price*, 67 Cal. 350 [7 Pac. 745]; *People* v. *Whitley*, 64 Cal. 211 [27 Pac. 1104];

*People* v. *Perez,* 86 Cal. 122 [25 Pac. 262].) In the last case, the information was for grand larceny and a verdict of guilty as charged was held to be a verdict of guilty of grand larceny.

Section 1157 of the Penal Code requires that "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." A number of authorities are collated in the annotation to this case in Kerr's Cyc. Codes, holding that verdicts not complying with the section where crimes are divided into degrees are involved insufficient. Even though it might be held that the cases upon which the appellant relies correctly state the law, the defendant would not be entitled to a discharge. In those cases it appears that the defendant was not convicted of any crime expressly charged in the information or indictment, while in the case at bar, the defendant is found guilty of the crime of rape, denominated in the information, a felony, and set forth as a felony in the verdict and, also, by the use of express words finding the defendant guilty as charged. In the case of *People* v. *Cornell,* 29 Cal. App. 430 [155 Pac. 1026], this court had occasion to review a large number of previous decisions having to do with alleged defective verdicts. This court there quoted with approval from Bishop's Criminal Procedure, second edition, section 1005a, as follows: "The language of the verdict, being that of lay people, need not follow the strict rules of pleading or be otherwise technical. Whatever conveys the idea to the common understanding will suffice, and all fair intendments will be made to support it. As in an indictment or a pleading bad grammar or spelling does not vitiate, so, *a fortiori* it does not in the verdict unless the meaning becomes inadequate. Surplusage is harmless. The finding must be construed as a whole, not in its separate parts." This court also in that case called attention to the reasons why the verdict in the Tilley case was held insufficient and the distinction between the verdict in the Cornell case and the Tilley case is no greater than is the distinction between the verdict in the case at bar and the verdict in the Tilley case. In the Tilley case, the defendant was not expressly found guilty of the crime charged

while here the defendant is explicitly found guilty of the crime charged. We do not need to review the Cornell case further than to state that the review of the verdict in that case fully establishes the validity of the verdict in this case, save and except for the reasons hereinafter stated. See, also, *In re Flaherty,* 64 Cal. App. 210 [221 Pac. 390]. This case refers to and relies upon the authorities which we have cited. Again, if the principle upon which the cases of *People* v. *Welch,* 49 Cal. 174, and *People* v. *French,* 69 Cal. 169 [10 Pac. 378], are decided is applicable, then the verdict in this case, if the jury had been properly instructed, might be held to be sufficient to sustain the judgment in that finding the defendant guilty as charged in the information, and it being charged in the information that the defendant had committed a felony, and the verdict finding the defendant guilty of a felony as charged, intended to fix the place of punishment of the defendant in the state prison. Section 17 of the Penal Code defines a felony as an offense punishable by death or by imprisonment in the state prison. Section 264 of the Penal Code provides for punishment of the offense of rape in the state prison, and nothing further appearing, we see no reason why it cannot be held that the jury has with common certainty, in view of the code, fixed the place of punishment. If this conclusion be correct, then the decisions which have been cited relating to the question of jeopardy and the right of the defendant to be discharged or not discharged would be of no avail to the defendant, for the simple reason that we are only confronted with the ordinary case of where a defendant is entitled to a reversal on account of erroneous instructions given by the court. [5] As we have said, the trial court in the case at bar did not instruct the jury as to what it should or should not do under the provisions of section 264 of the Penal Code. That section does not read that the jury may do so and so, but it is mandatory in form and directs that the jury shall make certain recommendations. The defendant was entitled to have the jury correctly instructed as to its powers with relation to the verdict. That it was incumbent upon the jury to make recommendations, that it might recommend either incar-

ceration in the state prison or the county jail, and that this is a substantive right which may not be disregarded appears to us to be beyond question. These are matters which the legislature has seen fit to entrust to the determination of the jury, whenever and wherever the female has given actual consent, though denied the power of giving legal consent. As said in many of the cases, the circumstances under which the crime mentioned in subdivision 1 of section 261 of the Penal Code is committed are such that the ends of justice are subserved by a modified degree of the extent of the punishment.

The defendant requested no instructions relative to the authority and duty of the jury under section 264 of the Penal Code, but the cases denying relief under such circumstances are inapplicable here, for the simple reason that when the trial court undertook either of its own motion or upon the request of the prosecution (the transcript does not disclose which) to instruct the jury in relation thereto, it was incumbent upon the court to observe the terms and provisions of said section and to advise the jury of the duty devolving upon it as well as its authority.

For the reasons which we have stated the motion of the appellant to be discharged is hereby denied, the judgment reversed, and a retrial ordered.

Needham, J., *pro tem.,* and Finch, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1926.