[Crim. No. 1313.   Third Appellate District.—April 9, 1934.]

THE PEOPLE, Respondent, v. RAY LANHAM, Appellant.

Edward S. Bell and Ray T. Coughlin for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted upon counts two and three of an information containing five counts. Count two charged the defendant with the crime of attempt to commit rape. Count three charged the defendant with the violation of section 288 of the Penal Code, naming the child.

The defendant's motion for a new trial being denied, this appeal is from the order of the court denying his motion, and, also, from the judgment pronounced following the verdict of the jury finding the defendant guilty as above stated.

Upon this appeal no question is made as to the sufficiency of the testimony to support the verdict of the jury, so far as it related to count two finding the defendant guilty of an attempt to commit rape. It is, however, urged as grounds for reversal that the jury failed to follow the provisions of section 264 of the Penal Code, which provides that in prosecutions for rape, where subdivision 1 of section 261 of the Penal Code applies, the jury must fix the place of imprisonment.

In the instant case, the question of the place of punishment was not submitted to the jury. In considering this question, we must take into view the purpose of the legislature in enacting section 264, *supra*, and section 664 of the Penal Code, this action being prosecuted under the latter section.

In the enactment of section 264, the legislature undoubtedly had in thought that in many cases prosecuted under the first subdivision of section 261, the female involved might so nearly have reached the age of maturity as to be able to give practical, though not legal, consent, and as pointed out in the cases of *People* v. *Rambaud*, 78 Cal. App. 688 [248 Pac. 954], and followed in the case of *People* v. *Sachau*, 78 Cal. App. 702 [248 Pac. 960], the circumstances surrounding the

offense might be such as to justify the jury in modifying the sentence to be imposed by fixing the place of punishment in the county jail rather than the state penitentiary.

Section 664 of the Penal Code is under a different title, has to do not with the actual commission of the offense of unlawful intercourse with females, but only with the attempt. No question of consent, or seeming consent, is involved in offenses prosecuted under section 664, *supra,* or, at least, no such intention appears to have been in the mind of the legislature, when enacting the section under which the present prosecution was had.

Again, section 664, *supra,* is general in its application and applies to all cases of attempts, while section 264, *supra,* so far as it vests power in the jury to designate the place of punishment, is specifically limited to cases of actual rape prosecuted under subdivision 1 of section 261.

That attempts to commit offenses are punishable under section 664 of the Penal Code is supported by the following cases: *People* v. *Erwin,* 4 Cal. App. 394 [88 Pac. 371]; *People* v. *Gardner,* 98 Cal. 127 [32 Pac. 880] (the case involved an attempt to commit rape); *People* v. *Burns,* 138 Cal. 159 [69 Pac. 16, 70 Pac. 1087, 60 L. R. A. 270]. Other cases might be cited, but these are sufficient to uphold the prosecution in this case.

The appellant further contends that the verdict of the jury is not supported by the testimony as to the offense charged in the third count. Section 288 of the Penal Code, upon which the second count in the information rests, read, at the time of the commission of the offense charged, as follows:

"Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two (part 1) of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year."

A reference to *part 2* in this section should have read *part 1.* This correction was made by the legislature in 1933.

The contention of the appellant is that the evidence does not show that the defendant actually placed his hands upon, or that they came in contact with the legs, or any portion of the body of the child.

The information does specifically allege that the defendant so acted; that his hands came in contact with the legs of the little girl. The crime, however, denounced by section 288, *supra*, is complete, or may be completed without any such actual contact. However, the following statement shows that in either case the jury was well warranted in concluding that the act, as stated in the information, had actually been committed.

The testimony shows that the defendant placed his hands under the clothing of the child and removed from her person the panties she was wearing. It is common knowledge and common experience to conclude that in removing the panties of the child the hands of the one removing the panties would necessarily and undoubtedly come in contact with the body of the child so outraged.

The child in this instance, after her panties had been removed, ran away from the defendant and thus escaped any further lustful actions on the part of the defendant. The simple act, which we have set forth, is in and of itself sufficient to support the verdict and relieves us of the necessity of setting out the testimony.

The acts of the defendant involved in this case are very similar to the acts charged in the case of *People* v. *Dabner,* 25 Cal. App. 630 [144 Pac. 975], where the lewd conduct consisted in unbuttoning the trousers of the female, save and except that in the Dabner case the defendant did hug and kiss the child in question. In that case it was held that the criminal act was performed, even though it was a physical possibility to unbutton the trousers of the child without touching her naked body.

The cases of *People* v. *Rambaud,* 78 Cal. App. 685 [248 Pac. 954], and *People* v. *Sachau,* 78 Cal. App. 702 [248 Pac. 960], have to do with subdivision 1 of section 261 of the Penal Code, as modified and controlled by the last clause of section 264 of the Penal Code, placing the power in the hands of the jury to designate the place of punishment. There is nothing in section 264, *supra,* which

extends the power of the jury in such particular to any other case, and as the provision is contrary to the general provisions of the Penal Code placing the power to fix the punishment, or place of punishment, in the court, the provision is to be strictly construed and not extended beyond the meaning of the section and the express limitation placed upon the power of the court to fix the place of punishment. The cases referred to resting upon the provisions of the section, which we have just mentioned, are readily distinguishable from the sections of the Penal Code relative to punishments specified for attempts, and those cases are not controlling here.

The order and judgment are affirmed.

Pullen, P. J., and Thompson, J., concurred.