[Crim. No. 414.   Department One.—November 29, 1898.]

## THE PEOPLE, Respondent, v. SECUNDINO HIGUERA, Appellant.

CRIMINAL LAW—SEDUCTION—EVIDENCE—CHASTITY OF SISTERS OF PROSE-CUTRIX—CROSS-EXAMINATION.—Upon the trial of a defendant charged with the seduction of an unmarried female of previous chaste character, under promise of marriage, the father of the prosecutrix, who has testified as a witness for the prosecution, and has been asked nothing upon his examination in chief as to the character of her sisters, cannot be asked upon cross-examination in reference thereto; and an offer to prove by him that both of her sisters had children born out of wedlock, et cetera, is properly rejected, as being inadmissible at that stage of the proceedings, and as being essentially a part of the defendant's case.

ID.—SUFFICIENCY OF INFORMATION—LANGUAGE OF STATUTE.—An information charging the offense of seduction of an unmarried female of previous chaste character under promise of marriage, is sufficient, if it follows the language of the statute, though it does not directly aver that the promise of marriage was made to the female seduced; though it seems it is better pleading to make such direct allegation.

ID.—VERDICT AND JUDGMENT—DESCRIPTION OF OFFENSE.—Where the defendant was found guilty of the crime of seduction, as charged in the information, the judgment is not void because merely referring generally to the crime as that of "seduction," but that word must be understood as referring to the seduction referred to in the verdict and charged in the information.

APPEAL from a judgment of the Superior Court of Los Angeles County.   B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of a felony, alleged by information to have consisted in the seduction of an unmarried female of previous chaste character, under promise of marriage.

Upon cross-examination the father of the prosecutrix was

asked by defendant's attorney as to the character of his other two daughters, and an objection was sustained to the question. Thereupon he offered to prove by the witness "that this girl's sisters, with whom she associated and lived, both had children out of wedlock, and that they were all raised up together, and that these illegitimate children were born in the house with this witness while they were all living together with the father of the prosecuting witness." Aside from other considerations, it may be said this evidence was essentially a part of defendant's case, and therefore inadmissible at this stage of the proceedings. The witness upon the stand had been asked nothing in his examination in chief as to such matters, and under those circumstances the offer, at that particular point of time, was clearly improper, and rightly rejected by the court.

It is claimed that the information does not state a public offense. It is there charged "did willfully, unlawfully, and feloniously, under a promise by him made that he would marry and take to wife one Josefa Valenzuela, an unmarried female person of previous chaste character, seduce," et cetera. It is insisted that the promise of marriage must be made to the female, and that here it is not so alleged. This allegation of the information is in the language of the statute, and we deem it sufficient. Probably it would have been better pleading if there had been a direct allegation that the promise was made to the female; but the statute clearly contemplates that the promise should be so made, and the offense being charged in the language of the statute, we hold the information sufficient.

There is nothing in the contention of defendant that the judgment is void because the offense of which he had been convicted is there called "seduction." The defendant was found guilty by a jury of the crime of seduction as charged in the information. The facts there set out, if proven, clearly constituted the seduction of the prosecutrix, and the defendant was convicted of such seduction. In using the word "seduction" in the judgment reference was had to the seduction referred to in the verdict of the jury. We have examined with care the instructions given and refused. Those given embrace a full and sufficient disquisition of the law bearing upon the facts of the case, and we find no legal objection to any of them. Those refused were

either not proper to be given under any circumstances, or their subject matter was covered by others already given.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., and Harrison, J., concurred.