(October 17, 1910.)

STATE, Respondent, v. GEORGE SCHWEITZER, Appellant.

[111 Pac. 130.]

IRREGULAR VERDICT—SHORT WEIGHTS—SELLING BY SHORT WEIGHT.

(Syllabus by the court.)

1. In a prosecution for unlawfully selling lard by short weight a verdict by the jury in the following form: "We, the jury in the above-entitled case, find the defendant, George Schweitzer, guilty of selling by short weights as charged in the complaint," is sufficiently definite and certain as to the intent of the jury to "find the defendant guilty as charged in the complaint" to justify and support a judgment of conviction.

2. Where M. went to a butcher-shop and told the manager thereof that he wanted to buy "a three-pound pail of lard" and he was given a pail of lard commonly known and designated as a three-pound pail, for which he paid the price demanded, and upon

weighing the same it appeared that the bucket and lard together weighed the gross sum of three pounds and three-fourths of an ounce, and that the net weight of the lard contained in the bucket was two pounds and nine and one-half ounces, and the vendor of the lard is subsequently prosecuted under the provisions of sec. 7109 of the Rev. Codes, for selling by short weight, it is a question to be submitted to the jury as to whether or not the purchaser offered to buy and the seller represented that he was selling three pounds of lard net or gross, and it was error for the court to instruct the jury that when the purchaser asked for a three-pound pail of lard "he must be taken to have meant, and the defendant must be taken to have understood, that the purchaser was to receive three pounds of lard irrespective of the weight of the pail."

APPEAL from the District Court of the Third Judicial District of the State of Idaho, in and for Ada County. Hon. Fremont Wood, Judge.

Prosecution for sale of lard by short weights under the provisions of sec. 7109 of the Rev. Codes. Verdict and judgment of conviction, from which defendant appealed. *Reversed.*

C. M. Kahn, and Hawley, Puckett & Hawley, for Appellant.

The jury in this case did not find against the defendant upon the issue as expressed in the complaint, nor was there a special verdict found; but it sought to and did find appellant guilty of a crime—or supposed crime, rather—which is not only not charged in the complaint but is not known in the criminal law generally, and is not a creature of our statute, to wit, "selling by short weights."

California has a statute identical with sec. 7929, from which our section was undoubtedly taken. (Kerr's Cal. Code (Penal), sec. 1162; *People v. Tilley,* 135 Cal. 61, 67 Pac. 42; *People v. Small,* 1 Cal. App. 320, 82 Pac. 87; Bishop's New Criminal Proc., sec. 1005.)

The facts as shown by the respondent were not sufficient to justify such a verdict and judgment even if the same is valid and was properly rendered and entered. (*Harris v.*

*Allwood* (Eng.), 57 J. P. 7; *State v. Swift & Co.*, 84 Neb. 244, 120 N. W. 1127.)

The court erred in giving instruction No. 6. What the complaining witness meant and what the appellant understood in this transaction were matters to be determined by the jury from the evidence, and it was error upon the part of the court to instruct them as to such meaning or understanding.

D. C. McDougall, Attorney General, Chas. P. McCarthy, Prosecuting Attorney, and B. S. Crow, for Respondent.

If it were necessary to name the offense, since the statute itself does not give a name to the offense, a brief general description is sufficient. (22 Cyc. 302, and cases under note 49.)

"Generally, indictments or informations for statutory offenses, although they give an erroneous appellation, or fail to give any appellation to the offense, if the facts constituting the offense as defined by the statute are sufficiently stated, are good." (22 Cyc. 302, and cases under notes 51 and 52; *People v. McCarty*, 48 Cal. 559; *People v. Brady* (Cal.), 65 Pac. 823.)

. It is very generally held that the verdict is good if the intention of the jury can be ascertained. (*Kellum v. State*, 64 Miss. 226, 1 So. 174; *State v. Wilson*, 40 La. Ann. 751, 5 So. 52, 1 L. R. A. 795; *Cheek v. Commonwealth*, 87 Ky. 42, 7 S. W. 403; *Crook v. State*, 27 Tex. App. 198, 11 S. W. 444; *Bidwell v. State* (Tex. Cr.), 20 S. W. 556; *Stepp v. State*, 31 Tex. Cr. 349, 30 S. W. 753; *Pave v. State* (Tex. Cr.), 20 S. W. 762; *Jenkins v. State*, 92 Ga. 470, 17 S. E. 693; *People v. O'Callaghan*, 2 Ida. 156, 9 Pac. 414; *State v. Collyer*, 17 Nev. 275, 30 Pac. 891; *Burgess v. State*, 33 Tex. Cr. 9, 24 S. W. 286; *Wallace v. State*, 70 Tenn. (2 Lea) 29; *State v. Jenkins*, 60 Wis. 599, 19 N. W. 406.)

AILSHIE, J.—Appellant was convicted of a misdemeanor in the district court for a violation of sec. 7109 of the Penal Code. The complaint charged that the defendant did "unlawfully sell to one Claude D. Mason, as three pounds of

lard, a certain bucket of lard which then and there contained only two pounds nine and one-half ounces of lard, and was not then and there full weight, at the rate of sixteen ounces to the pound, lard being then and there an article which is sold in commerce by avoirdupois weight." The jury rendered a verdict in the following form: "We, the jury, in the above-entitled case find the defendant, George Schweitzer, guilty of selling by short weights as charged in the complaint." The appellant attacks this verdict and insists that under the provisions of sec. 7929 of the Rev. Codes it is void for uncertainty and informality. That section of the statute reads as follows:

"If the jury persist in finding an informal verdict, from which, however, it can be clearly understood that their intention is to find in favor of the defendant upon the issue, it must be entered in the terms in which it is found, and the court must give judgment of acquittal. But no judgment of conviction can be given unless the jury expressly find against the defendant upon the issue, or judgment is given against him on a special verdict."

Counsel for appellant rely on *People v. Tilley,* 135 Cal. 61, 67 Pac. 42; *People v. Small,* 1 Cal. App. 320, 82 Pac. 87, and Bishop's New Criminal Procedure, sec. 1005, as sustaining his position that this verdict is faulty and is not sufficient on which to found a judgment of conviction. In *People v. Tilley* defendant was being prosecuted for receiving stolen property, knowing the same to have been stolen, and retaining it for his personal gain. The verdict of the jury was as follows: "We, the jury in the above-entitled cause, find the defendant, Charles M. Tilley, guilty of receiving stolen property." The court held the verdict insufficient and based it on the ground that the mere fact of receiving stolen property did not constitute a crime, but that it must be accompanied with the knowledge that it was stolen and an intent to derive personal gain from its detention. *People v. Small* follows the Tilley case and is to the same effect.

These cases are hardly parallel with the case at bar. Here the jury found the defendant "guilty of selling by short

weights as charged in the complaint." The words, "guilty of selling by short weights," are found in the complaint or information, and, indeed, the complaint designates the offense as "the crime of selling by short weights as defined by sec. 7109 of the Penal Code." But the words, "of selling by short weights," might be treated as surplusage and still the verdict would be good, for then it finds the defendant "guilty as charged in the complaint." This position seems to be supported by abundant authority. (*People v. O'Callaghan,* 2 Ida. 156, 9 Pac. 414; *People v. McCarty,* 48 Cal. 559; *People v. Brady* (Cal.), 65 Pac. 823; *State v. Collyer,* 17 Nev. 275, 30 Pac. 891; *Wallace v. State,* 70 Tenn. (2 Lea) 29.) There can be no doubt of the intention of the jury in this case to find the defendant guilty as charged in the complaint. Where the intent of the jury is clear, the requirements of the statute are fully met. (*Kellum v. State,* 64 Miss. 226, 1 So. 174; *State v. Wilson,* 40 La. Ann. 751, 5 So. 52, 1 L. R. A. 795; *Cheek v. Commonwealth,* 87 Ky. 42, 7 S. W. 403; *Birdwell v. State* (Tex. Cr.), 20 S. W. 556.)

The next question presented by appellant is the sufficiency of the evidence to sustain the verdict and judgment. This was a prosecution under the provisions of sec. 7109, Rev. Codes, for selling lard by short weight. On the 21st of January of this year, Claude D. Mason, state chemist, accompanied by James H. Wallis, state dairy, food and sanitary inspector and ex-officio sealer of weights and measures, went to the shop of the Boise Butcher Co. and asked the defendant, who is president of the company, for a "three-pound pail of lard." The lard was passed over to Mason who paid for the same. He took it away and weighed it and found that the lard contained in the pail weighed two pounds nine and one-half ounces, and that the lard and bucket together weighed three pounds and three-fourths of an ounce. Mason and Wallis thereupon returned to the shop of the Boise Butcher Co. and weighed a large number of the lard cans and found that practically none of them contained the amount of lard, net, that they were rated to hold; in other words, that none of the three-pound cans contained three pounds of lard net.

The same was true of the buckets of larger dimensions. On the other hand, they were all full weight by weighing lard and can together. Both Mason and Wallis testified that lard is an article which is commonly and generally sold in commerce by the pound, avoirdupois weight. It also appears from their testimony that at the time they returned to weigh some of this lard, they had a conversation with Schweitzer in which he told them that his firm made no claim and did not presume to sell lard by the pound, that they only sold it by the bucket—a small bucket called a three-pound bucket and the next size, a five-pound bucket—and that they sold by the gross weight and charged so much per bucket. The defendant did not testify himself and did not produce any evidence on his part whatever. In this condition of the case with both the witnesses for the state testifying that lard is an article which is commonly and generally sold by the pound and not by the bucket, the jury were, under the evidence, justified in returning a verdict against the defendant.

It is next contended by appellant that the court erred in the instructions he gave to the jury and likewise in refusing to give certain instructions requested by the defendant. We have examined these instructions with some care and we find no serious objection to any of them except No. 6 given by the court on his own motion. That instruction is erroneous, and with the evidence as it stood before the jury, it practically amounted to an instruction for the jury to return a verdict against the defendant. That instruction is as follows:

"No. 6. If you find that lard is a substance sold in commerce by avoirdupois weight, then you are instructed that when Claude D. Mason asked the defendant for a three-pound pail of lard, if he did so ask him, he must be taken to have meant and the defendant must be taken to have understood that Mason, the purchaser, was to receive three pounds of lard irrespective of the weight of the pail, unless at the time of the sale there was in existence in Boise City a custom or usage of trade which was either known to Mason, or was so generally understood among both merchants and customers alike that it was a matter of common knowledge in the com-

munity, that by a three-pound pail of lard was not meant a pail containing three pounds of lard, but a package weighing three pounds.''

The vice of this instruction is that the court undertook to tell the jury what the prosecuting witness meant when he called for a ''three-pound pail of lard,'' and what the defendant must be deemed to have understood by that request. This was the very thing that the jury was called on to determine, and was one of the very essentials of the case. It was a question for the jury to determine whether Mason called for *three pounds of lard net or gross.* It is admitted that he took no bucket or other receptacle in which to get his lard, and he evidently did not expect to carry it home in his hand without bucket or wrapper. He must have expected to receive the lard in a pail, paper, or some other receptacle in which he could carry it home. (*Harris v. Allwood* (Eng.), 57 J. P. 7; 15 Mew's Digest, 202, 203; *State v. Swift & Co.,* 84 Neb. 244, 120 N. W. 1127.)

The question was then presented to the jury as to whether the defendant in fact sold Mason three pounds of lard at twenty cents per pound for the total sum of sixty cents, or sold him a bucket of lard, which is commonly designated a three-pound pail of lard, for the sum of sixty cents, gross. If the purchaser understood that he was paying twenty cents per pound for lard and that he was getting three pounds net for which he paid sixty cents, then he must have thought he was getting a bucket extra. If, on the other hand, the seller was representing that he was selling three pounds of lard for sixty cents and furnishing the receptacle in which to carry it, then he was clearly guilty of a violation of the statute under which he was being prosecuted, and it would have been the duty of the jury to convict him. Under the statute a vendor cannot sell two pounds nine and one-half ounces for three pounds, and if he does so, he is criminally liable. It was not proper, however, for the court to place a construction on the language employed between the vendor and purchaser and tell the jury what his construction was of the language used. That was a question for the jury to determine as to

what the parties did and understood they were doing. The latter part of the instruction which tended to modify the foregoing portion or to point out an exception thereto did not cure the error in the former part; it rather tended to accentuate what the judge conceived to be the meaning of the expression, "a three-pound pail of lard."

The statute, sec. 7109, Rev. Codes, under which this prosecution was had, was clearly intended to require the vendors of the articles therein designated to sell the full weight for which they charge and to hold them criminally liable for selling to a purchaser an article of commerce which does not weigh the amount he represents it to weigh and that the purchaser understands he is buying. The statute is wholesome and deserves to be enforced. On the other hand, before one is convicted and sentenced criminally, the evidence ought to be clear that the crime has been committed, and the jury ought to be given a full opportunity for considering the facts and circumstances under which the offense is alleged to have been committed.

For the error above pointed out the judgment must be *reversed* and a new trial is ordered.

Sullivan, C. J., concurs.