MOY WING SUN v. PRENTIS, Immigration Inspector.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1916.)

No. 2273.

1. HABEAS CORPUS ⬯30(1)—WRIT—SCOPE.
    A Chinese person arrested under a warrant signed by the Assistant Secretary of Labor will not be discharged on habeas corpus because the warrant should have been signed by the Secretary of Labor as the object of the writ is merely to ascertain whether the petitioner can be lawfully detained.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. ⬯30(1).]

2. SEARCHES AND SEIZURES ⬯7—UNLAWFUL SEIZURES—WHAT CONSTITUTES.
    Where government witnesses took a bunch of letters from a rack in a laundry where petitioner, a Chinese person, and others, were employed, and with the consent of the proprietor retained some of the letters, petitioner's constitutional rights against an unlawful search and seizure of his papers were not violated, as he claimed the letters were not addressed to him.
    [Ed. Note.—For other cases, see Searches and Seizures, Cent. Dig. § 5; Dec. Dig. ⬯7.]

3. ALIENS ⬯32(8)—CHINESE PERSONS—EVIDENCE.
    Evidence that letters were written to petitioner, a Chinese person, by a woman in China who claimed him as her husband and referred to a recent parting, do not, there being no showing that petitioner answered the letters, establish that he was born in China and had entered the United States at a recent date.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. ⬯32(8).]

4. ALIENS ⬯54—CHINESE PERSONS—DEPORTATION.
    Where a Chinese laborer entered in violation of Immigration Act Feb. 20, 1907, c. 1134, § 36, 34 Stat. 908 (Comp. St. 1913, § 4285), and was unlawfully in the United States, because not in possession of a certificate of residence as required by Chinese Exclusion Act May 6, 1882, c. 126, §

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6, 22 Stat. 60 (Comp. St. 1913, § 4295), he may within three years after his entry be summarily deported under Immigration Act, §§ 20, 21 (Comp. St. 1913, §§ 4269, 4270); but after the expiration of that time proceedings for his deportation must be brought under Chinese Exclusion Act Sept. 13, 1888, c. 1015, § 13, 25 Stat. 479 (Comp. St. 1913, § 4313) providing for a hearing before a United States commissioner with right of appeal to a judge of the District Court for the remedy provided in the Immigration Act only exists for a period of three years after entry.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ☞54.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Petition by Moy Wing Sun for writ of habeas corpus against Percy L. Prentis, Immigration Inspector. From an order discharging the writ, petitioner appeals. Reversed and remanded, with directions to discharge petitioner.

Frank T. Milchrist, of Chicago, Ill., for appellant.

Chas. F. Clyne and Benjamin Epstein, both of Chicago, Ill., for appellee.

Before BAKER, KOHLSAAT, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge. This appeal brings for review a proceeding by habeas corpus whereby the petitioner, a Chinese, ineffectually sought discharge from custody under a warrant of deportation.

[1] The original warrant of arrest, dated December 8, 1914, was signed "Louis F. Post, Assistant Secretary of Labor," and recited that petitioner landed at an unknown port on or about July 10, 1913, and was subject to be taken into custody and returned under section 21 of the Immigration Act of 1907, and was subject to deportation under the provisions of section 6 of the Chinese Exclusion Act, being a Chinese laborer not in possession of a certificate of residence. The warrant of deportation contained like recitals.

It is contended that petitioner should be discharged because the original warrant was signed "Louis F. Post, Assistant Secretary of Labor," and not by the Secretary of Labor. The writ of habeas corpus was sued out after the hearing and the issuing of the warrant of deportation. Objection to the original warrant comes too late. As was said by the Supreme Court in Ekiu v. United States, 142 U. S. 651, 662, 12 Sup. Ct. 336, 339 (35 L. Ed. 1146):

"A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment. Ex parte Bollman & Swartwout, 4 Cranch, 75, 114, 125 [2 L. Ed. 554]; Coleman v. Tennessee, 97 U. S. 509, 519 [24 L. Ed. 1118]; United States v. McBratney, 104 U. S. 621, 624 [26 L. Ed. 869]; Kelley v. Thomas, 15 Gray (Mass.) 192; The King v. Marks, 3 East, 157; Shuttleworth's Case, 9 Q. B. 651."

[2] It is next objected that certain letters used against appellant at the hearing were taken in violation of the constitutional provision against unlawful search and seizure.

Petitioner denied knowledge of the letters, and denied that he had a wife (the only letters of any possible relevancy, purporting to be written by a wife in China to her husband here). From the uncontradicted testimony of government's witnesses Kan and Brekke, who took the letters, they were not in petitioner's possession at all. It appears they took a bunch of letters from a rack in the laundry where petitioner and others were employed, and with the consent of the proprietor of the laundry took away some of these letters and returned the balance to the proprietor. Since petitioner himself disclaims the letters, and as they were not in fact in his possession, nor taken from him, his constitutional rights were not in any event thereby invaded.

[3] The Secretary of Labor found that petitioner entered the United States on or about July 10, 1913. Is there evidence to warrant this finding? Petitioner claims he was born and has always lived in the United States; that he came to Chicago between three and four years prior to his arrest, and lived there ever since. An uncle and another Chinese testified in corroboration of this claim. Five white witnesses connected with a Sunday school in Chicago testified to petitioner's attendance at the Sunday school since about the middle of 1912, but that they knew of him for a considerable period—perhaps six months—before that time. Aside from the letters, nothing appears in the record to show a different state of facts.

The two letters purport to be written to Dong Shok (which petitioner testified was his school name), and the writer of them terms him "husband." One is dated April 2, 1914, and refers to the fact of their having been parted for a year past. The other, dated September 25, 1912, refers to his going from Canada to Chicago, but it does not appear how the writer of the letter got information of that fact. There is no evidence that petitioner departed the United States between these two dates. Petitioner testified without contradiction that another man known as Dong Shok also worked at the same laundry. But for anything to the contrary in the letter of September 25, 1912, the person therein referred to as husband may have entered the United States indefinitely prior to its date; and so, conceding the admissibility of the letters, they alone do not warrant the finding that petitioner entered on or about July 10, 1913, nor indeed at any time within three years before his arrest.

But in the absence of proof that petitioner replied to these letters, or in some way recognized them, or acted in pursuance of them, they afforded no competent evidence against him. In Razor v. Razor, 149 Ill. 621, 36 N. E. 963, it was said:

"This letter, if addressed to the wife and found in her possession, would not be evidence against her unless the contents had been adopted, or sanctioned by some reply or statement or act done on her part, shown by proof aliunde the letter itself."

The same rule was reaffirmed by that court in Crumbaugh v. Owen, 238 Ill. 497, 87 N. E. 312. In Commonwealth v. Eastman, 1 Cush. (Mass.) 189, 48 Am. Dec. 596, the court said:

"The letters, however, if properly identified, would not of themselves authorize any inference against the defendants. They were only the acts and

declarations of others; and, unless adopted or sanctioned by the defendants, by some reply or statement, or by some act done in pursuance of their suggestions, they ought not to prejudice the defendants."

And to like effect are Consolidated Grocery Co. v. Hammond, 175 Fed. 641, 99 C. C. A. 195 (C. C. A. 5th Cir.), and Security Trust Co. v. Robb, 142 Fed. 78, 73 C. C. A. 302 (C. C. A. 3d Cir.).

[4] The warrant of deportation recites also that petitioner has been found within the United States in violation of section 6 of the Chinese Exclusion Act, being a Chinese laborer not in possession of a certificate of residence, and that he entered the United States in violation of section 36 of the Immigration Act. If it be granted there is evidence to support these conclusions, yet if it does not appear that the entry into the United States was within three years of petitioner's arrest, can he be deported under the summary proceedings of sections 20 and 21 of the Immigration Act, which provide for arrest and deportation on the warrant of the Secretary of Labor, or must the deportation proceedings be under section 13 of the Chinese Exclusion Act, which provides for a hearing before a United States commissioner, with right of appeal in case of conviction, to a judge of the District Court?

Prior to the decision of the Supreme Court in United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354, it was much mooted whether in the deportation of Chinese aliens the provisions of the Chinese Exclusion Act must alone be followed, or whether the procedure of sections 20 and 21 of the Immigration Act might also be employed. In section 43 of the Immigration Act it is provided that the act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese. In the last-cited case the Chinese were arrested in transitu on charge of having entered the United States surreptitiously from Canada at a point not designated as a port of entry, and without having produced a certificate of examination as required by the immigration laws of the United States, and were ordered by the Secretary of Labor to be deported in a proceeding brought under sections 20 and 21 of the Immigration Act. The District Court held that, while the Immigration Act did not repeal any provision of the Chinese Exclusion Act, it did provide for its enforcement the additional and more summary remedy afforded by the former for deporting Chinese who came within its provisions, and the Chinese there seeking relief by habeas corpus were remanded. 176 Fed. 933. On appeal it was held by the Circuit Court of Appeals, Second Circuit, that Chinese could not be deported under the provisions of the Immigration Act, but only under the Chinese Exclusion enactments, which alone applied to Chinese aliens. 181 Fed. 316, 104 C. C. A. 535. But the Supreme Court, holding the Circuit Court of Appeals erred in its interpretation, said (Wong You v. United States, supra):

"By the language of the act [Immigration Act] any alien that enters the country unlawfully may be summarily deported by order of the Secretary of Commerce and Labor at any time within three years. It seems to us unwarranted to except the Chinese from this liability because there is an earlier, more cumbrous proceeding which this partially overlaps."

Sections 20 and 21 of the Immigration Act provide for deportation only where the entry was within three years of the arrest, and concluding as we do that this record affords no basis for finding that this petitioner entered the United States within three years before his arrest, his deportation under the Immigration Act is unauthorized.

The order of the District Court, discharging the writ of habeas corpus and remanding the petitioner, is reversed, and the cause remanded to that court, with direction to discharge the petitioner.