(No. 5212.    February 16, 1929.)

STATE, Respondent, v. FLOYD HAGAN, Appellant.

[274 Pac. 628.]

Fisher & Coffin, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

TAYLOR, J.—This is an appeal from a judgment on conviction of violation of C. S., sec. 8438, which provides:

"Every person who, for his own gain, or to prevent the owner from again possessing his property, buys or receives any personal property, knowing the same to have been stolen, is punishable. . . . . "

The defendant, having by demurrer and otherwise in the trial contended that the information charges more than one offense, assigns as error adverse rulings thereon. The material portion of the information alleged the larceny of the property involved, and that thereafter "the defendant . . . . did . . . . knowingly, wilfully, unlawfully and feloniously and for his own gain, and to prevent the owner . . . . from again possessing his said personal property, buy and receive . . . . the said personal property described as follows: . . . . the said defendant then and there well knowing the same to be stolen."

Appellant contends that C. S., sec. 8438, in defining a crime as buying or receiving "for his own gain, or to prevent the owner from again possessing his property," has defined two separate crimes, and that the information, in charging these in the conjunctive, charges two offenses. In *State v. Brown,* 36 Ida. 272, 211 Pac. 60, it is said:

" ' . . . . When a statute mentions several acts disjunctively and prescribes that each act shall constitute the same offense and be subject to the same punishment, an indictment may charge any or all of such acts conjunctively, as a single offense. But the rule does not apply when repugnancy results from charging the acts conjunctively . . . . ' "

Counsel concedes this rule, but contends that the two intents, to gain for himself and to prevent the owner from again possessing his property, cannot by any possibility be involved in a single transaction, and thus, being repugnant, the information violates the rule of *State v. Brown.* Counsel argues upon rules and decisions perhaps applicable to the asserted common-law crime of receiving stolen property, and analogies therefrom. We cannot concur in this reasoning. The statute creates a statutory crime differing from that of the common law of receiving stolen property. To follow appellant's reasoning would require a holding that existence of one of these intents negatives and denies the possible existence of the other in the same transaction as a matter of law. It is not inconceivable, in fact not· unreasonable, that one who buys or receives property, with the intent of his own gain, may have, at the same time and as part of the transaction, an intent to prevent the owner from again possessing it, in fact that his scheme and intent to gain may of necessity include an intent to prevent the owner from again possessing the property. (*Murphy v. United States,* 285 Fed. 801 (817).) That one intent may exist without the other and support a conviction, does not make a charge of the existence of both in one transaction a charge of two crimes. (1 Bishop's New Criminal Procedure, 2d ed., sec. 436; 2 Id., sec. 586; *Territory v. Neatherlin,* 13 N. M. 491, 85 Pac. 1044.) This court has recently held in *State v. McCarty* (*ante,* p. 117), 272 Pac. 695, that an information in all material allegations the same as the instant one, was not duplicitous. Such holding here disposes of other errors assigned based upon the same contention. The verdict was sufficient. (*Ex parte Flah'erty,*

64 Cal. App. 210, 221 Pac. 390; *State v. Schweitzer,* 18 Ida. 609, 111 Pac. 130.)

The appellant assigns as error the refusal to suppress evidence, consisting of the stolen property and information, claimed to have been obtained by an unlawful search and seizure without a search-warrant, in violation of his constitutional rights. Prior to the trial, he made a motion for this purpose, supported by his affidavit. This was denied, and was renewed at the trial, at which time, in the absence of the jury, the defendant testified further thereon. In opposition, there was evidence by the officers making the search. The stolen property was found in the search of a building, termed a barn, used partly for garage purposes, but having a second story or loft, owned by and standing upon the lot owned by defendant's mother, on which is likewise her residence. The defendant lived with his mother. The chief of police, a witness for the state, went to the mother at the residence, and asked admission to the barn. When asked for the key, she stated that she would phone the defendant and have him come down and open the barn. She did phone for him, but did not get into immediate communication with him. Upon defendant's return to his place of business, where his mother had called him, on being told that on a phone call he was wanted at home, he went out to the premises. In the meantime the police officers had assisted the boy who stole the property to enter the barn, and he had unlocked it from the inside, and they had searched and found some of the property. Defendant made no objection at the time to the search, and later assisted in recovering from the barn and the house other of the property which had not been found by the officers.

The evidence establishes that the purported possession of the barn asserted by the defendant was in subservience and submission to the power, authority, ownership, and possession of his mother; that he opened or left the barn open when she directed him to do so; that the only possession he exercised was her possession; that she consented to the search; and that he had no right of posses-

sion to negative such consent. Such search, made with her consent, violated no constitutional right of privacy or possession of the defendant, and there was no error in the ruling. (*State v. Dunn,* 44 Ida. 636, 258 Pac. 553; *Driskill v. United States,* 281 Fed. 146; *Moy Wing Sun v. Prentis,* 234 Fed. 24, 148 C. C. A. 40; *Gray v. Commonwealth,* 198 Ky. 610, 249 S. W. 769.)

Appellant's third contention is that there was a variance between the allegations and the proof, in that if he was guilty of anything it was of burglary or larceny, and such being the case he could not be found guilty, under C. S., sec. 8438, of buying or receiving the property. The evidence establishes that while perhaps defendant was personally present, outside of the building, when some of the property was taken and removed from the owner's premises, and directly delivered to him there, yet at least some of the property had already been taken by the thief before the defendant went to the point of delivery and received it. That the witness who stole the property testified differently as to this at the preliminary hearing, does not establish such testimony as substantive proof to the contrary. Such former testimony could only tend toward impeachment of his evidence at the trial. Proof of receipt of any, or less than all, of the property charged, will support a conviction. (34 Cyc., p. 523, n. 70.)

The judgment is affirmed.

Budge, C. J., and Givens and Wm. E. Lee, JJ., concur.