### UNITED STATES ex rel. CHU SUN v. KARNUTH, District Director of Immigration.

### No. 388.

Circuit Court of Appeals, Second Circuit.

July 26, 1932.

John S. McGovern, of Buffalo, N. Y., for appellant.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Willard R. Chamberlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The relator, who claims to have been born in California, is in custody under a warrant of deportation issued by the Department of Labor after a hearing before an immigrant inspector, on the ground that the relator has been found in the United States in violation of the Immigration Act of 1924 (43 Stat. 164) and section 6 of the Chinese Exclusion Act of May 5, 1892, as amended (8 USCA § 287). By petition for a writ of habeas corpus he has challenged the fairness of the hearing accorded him by the immigration inspector.

The legal issues argued upon this appeal are substantially the same as in United States v. Lee Hee (C. C. A.) 60 F.(2d) 924, this day decided, although there the proceedings were initiated under the Chinese exclusion statutes and involved a judicial hearing, while here they were under the immigration laws and the hearing was before an administrative

officer. The facts in the two cases are also very similar.

On January 29, 1931, the appellant, Chu Sun, was taken into custody without any warrant for his arrest, and while detained at the police station in Elmira, N. Y., was examined under oath by an immigrant inspector with the aid of an official Chinese interpreter and a stenographer. The statement he then gave was that he was born in China and had come to the United States as a cook on a vessel which arrived at New York about March, 1928, and that he deserted his ship and had remained in this country ever since, working as a cook in Rochester and Elmira. He said that his parents were born in China, were now living there, and had never resided in the United States. On January 31 a warrant of arrest was issued by the Department of Labor, charging that he had landed at New York in March, 1928, and had remained in the United States for a longer time than permitted under the Immigration Act of 1924. Under this warrant he was given a hearing, during which a further charge based on the Chinese Exclusion Laws (8 USCA § 287) was added.

■ At the hearing the relator's sworn statement made while he was illegally detained at the police station was offered in evidence. He admitted making it, but testified that every statement in it was untrue and made because he was frightened. He did not suggest that he was threatened or coerced, and he could offer no explanation why fright should cause him to say he was born in China if in truth he was born in this country. For the reasons advanced in the Lee Hee Case, we hold that the statement was properly admitted in evidence.

■ There were also introduced in evidence certain letters to which objection is now made on the ground that they were obtained by an illegal search and seizure. The record does not bear out this claim. On exhibiting the letters to Chu Sun and interrogating him about them, the hearing officer stated that they were in Chu Sun's suitcase. He denied that they belonged to him, and, when asked how they happened to be in his suitcase, he replied, "On account of moving and probably by mistake they were put in my suitcase." The record is utterly barren of any testimony showing how or when the inspector came into possession of these letters and papers. Moreover, at the hearing the relator was represented by an attorney (not the attorney who appears for him on this appeal), and no objection was raised to the introduction of the documents or to questioning of the relator about them. At a second hearing at which corroboratory witnesses were examined on behalf of the relator, he was represented by Mr. McGovern, his present attorney, and a motion was made to strike the letters from the record on the ground that the "seizure of letters was unlawful and unreasonable and without any probable cause." No offer was made to prove this assertion that the letters were unlawfully seized. For all that appears they may have been voluntarily turned over to the officers by the relator, or by some one else. We cannot assume that the immigration officials made an unlawful search and seizure. Cf. Moy Wing Sun v. Prentis, 234 F. 24 (C. C. A. 7); State v. Much, 156 Wash. 403, 287 P. 57. On this record no unfairness in the hearing is disclosed, nor are the findings of alienage and unlawful presence of the relator in this country unsupported by the evidence.

Order affirmed.