**UNITED STATES of America ex rel. Juan PEREZ–VARELA, Relator,**

v.

**P. A. ESPERDY, District Director of the New York District of the Immigration and Naturalization Service, or such other person, if any, as may have the custody of one, Juan Perez-Varela, Respondent.**

United States District Court
S. D. New York.

Oct. 4, 1960.

Leon Rosen, New York City, for relator.

S. Hazard Gillespie, Jr., U. S. Atty., Roy Babitt, Special Asst. U. S. Atty., New York City, of counsel, for respondent.

BICKS, District Judge.

On July 8, 1960, acting upon information communicated by the Consul General of Spain that one Juan de la Cruz Perez-Varela deserted a Spanish naval training vessel while it was in the Port of New York between April 26 and May 3, 1960, the Immigration authorities apprehended and interrogated the petitioner. The facts which preceded this action, briefly, are as follows: Relator, a native and citizen of Spain, was a member of the crew of a training vessel of the Spanish navy; while his vessel was in the Port of New York, and in accord with international comity, petitioner was privileged to leave the vessel to visit within the area of the port; during said shore leave, petitioner apparently deserted, and, the day before his apprehension, apparently entered into a marriage with a citizen of this country.

In the course of being interrogated on the day of his apprehension, petitioner, after identifying himself, stated to the two investigators of the Immigration and Naturalization Service that before his vessel left Spain he formed an intention to desert on this voyage. Subse-

quently, at a hearing before another investigator of the INS, petitioner again identified himself but refused to make any further statement and refused to sign the statement in affidavit form wherein he identified himself.

Petitioner, by way of application for a writ and motion to suppress, seeks a deportation hearing pursuant to section 242(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252(a), administrative bail pending the outcome of such hearing, and the suppression of "certain documents and papers", so denominated by petitioner, which were allegedly the subject of an illegal search and seizure in violation of his constitutional rights.

■ The application proceeds upon a mistaken notion, and wholly overlooks the fact that in this instance the petitioner is being proceeded against under Article 24 of the Treaty of Friendship and General Relations between this country and Spain, 33 Stat. 2117, rather than under the immigration and nationality laws of this country. That article provides in pertinent part, that:

> "The Consuls-General, Consuls, Vice-Consuls and Consular-Agents of the two countries may respectively cause to be arrested and sent on board or cause to be returned to their own country, such officers, seamen or other persons forming part of the crew of ships of war or merchant vessels [1] of their Nation, who may have deserted in one of the ports of the other."

Petitioner's rights being thus governed by a treaty between this government and his own, section 242(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1252(a) is not applicable to him. See dicta in Medina Fernandez v. Hartman, 9 Cir., 1958, 260 F.2d 569 to such effect, although there the treaty was held inapplicable since desertion was not in a port of this country.

■ Having been afforded an opportunity to be heard on the only issues under Article 24, supra, which have bearing on his status, to wit, identity and the fact of desertion, petitioner has been accorded due process of law. Petitioner's admissions relating to his identity and his presence in this country, along with his stated pre-existing intent, are admissible against him, United States ex rel. Chu Sun v. Karnuth, 2 Cir., 1932, 60 F.2d 930; United States v. Lee Hee, 2 Cir., 1932, 60 F.2d 924, and his silence at the hearing and refusal to sign the statement there made may be the basis of a strong inference in favor of a finding of identity and desertion, the relevant facts. See United States ex rel. Vajtauer v. Commissioner, 1927, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560; United States ex rel. Bilokumsky v. Tod, 1923, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221.

■ Petitioner's marriage to an American citizen on the eve of his apprehension avails him naught. While section 245 of the Immigration and Nationality Act, 8 U.S.C.A. § 1255, permits an adjustment of status to permanent residence by a non-immigrant, the provisions of said section are not applicable in the premises since petitioner was not lawfully admitted as a non-immigrant, but rather remained here upon a predetermined intention to desert after temporary admission. United States ex rel. Feretic v. Shaughnessy, 2 Cir., 1955, 221 F.2d 262, certiorari denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735.

In view of the foregoing and since the evidence was not employed in any past proceedings and no future proceedings can be contemplated in which such evidence could be used, petitioner's *motion* to suppress alleged illegally seized evidence is without merit. The application for administrative bail is similarly without merit, since, as the record indicates, respondent was acting with all dispatch

---

[1]. The applicability of this article to merchant seamen was terminated on notice by the United States. It otherwise remains in full force and effect. See Treaties in Force, Jan. 1, 1960, p. 158 fn.

to turn petitioner over to the appropriate Spanish authorities, pursuant to Article 24 of the Treaty, supra.

Application for the writ and motion to suppress are denied. So ordered.

