[No. 20092. In Bank. — August 22, 1885.]

THE PEOPLE, RESPONDENT, v. JOHN S. PRICE, APPELLANT.

CRIMINAL LAW—INSTRUCTIONS—FAILURE OF JURY TO HEAR.—The failure of the jury to hear instructions given them by the court is to be remedied by requesting the court to repeat the instructions at such a time and under such circumstances that they can be heard. It is not a ground for reversal of the judgment entered on the verdict.

ID.—DEGREES OF CRIME—GRAND LARCENY—VERDICT.—There are no degrees in the crime of grand larceny, and where an information charges the defendant with grand larceny in taking property from the person of another, a verdict of guilty is sufficient.

APPEAL from a judgment of the Superior Court of the county of San Joaquin, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. H. & J. E. Budd*, for Appellant.

*Attorney-General Marshall,* for Respondent.

MORRISON, C. J.— The defendant was informed against in the Superior Court of San Joaquin County for the crime of grand larceny, committed by feloniously stealing from the person of another the sum of eleven dollars, and on the trial the jury rendered the following verdict: —

" We, the jury in the above-entitled cause, find the defendant guilty, and recommend him to the mercy of the court."

A motion for a new trial was made in the case which was denied by the court, and the appeal is prosecuted from the judgment as well as the order denying the motion for a new trial.

There are two points made in the appeal, the first of which is that the jury did not hear the instructions given by the court. There is no evidence that the instructions were not heard by the jury excepting the affidavit of the attorney that *he* did not hear them, and therefore it by no means satisfactorily appears that the point is well taken in fact; but conceding that it is, it furnishes no reason in law for our interfering with the judgment. If it be true, as a matter of fact, that the jury did not hear the instructions of the court, because, as stated, there was so much noise in the court room at the time, the court should have been requested to repeat the instructions in such a manner and at such a time that they could have been heard by the jury. It would be unfair to the prosecution to allow the case to go to the jury under such circumstances, and then set aside the verdict, if adverse to the defendant for any such reason.

The other point is that the verdict is a nullity, inasmuch as it does not conform to section 1157 of the Penal Code, which provides that " whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

The only question in the case is whether the crime with which the defendant was charged and of which he was convicted is distinguished into degrees. If it is, the verdict of the jury is clearly imperfect and bad under the foregoing section of the Penal Code.

By section 486 of the Penal Code "larceny is divided into

two degrees, the first of which is termed 'grand larceny'; the second 'petit larceny'"; and by section 487, grand larceny is committed in either of the following cases:—

"1. When the property taken is of a value exceeding fifty dollars.

"2. When the property is taken from the person of another.

"3. When the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack, goat, sheep, or hog."

Section 488. "Larceny in other cases is petit larceny."

In the case we are now considering the defendant was charged with the crime of grand larceny, inasmuch as he was accused of stealing money from the person of another.

It will be observed that the defendant was charged in the information with the crime of grand larceny, and it was further charged that the stolen goods were taken from the person of another. Now, there is under the law but one degree of grand larceny, whether the property stolen is of the value of fifty dollars or fifty thousand dollars, and every larceny committed by taking from the person of another is in its degree grand larceny. So that in either aspect of the case the charge against the defendant was the crime of grand larceny, which, as already remarked, is without degrees, and the verdict of the jury finding the defendant guilty was guilty as charged; that is to say, guilty of grand larceny.

In the case of the *People* v. *Whitely*, 64 Cal. 211, in which the defendant was charged with the crime of grand larceny, the verdict was "guilty as charged," and it was held sufficient. In our opinion the same rule is justly applicable to the case now before us. There is nothing doubtful or uncertain in the verdict.

Judgment and order affirmed.

Ross, J., McKinstry, J., McKee, J., Thornton, J., and Myrick, J., concurred.