[Crim. No. 95. Fourth Appellate District.—March 26, 1934.]

THE PEOPLE, Respondent, v. STEVE FAUST, Appellant.

550

Joseph Seymour for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant, together with one J. F. Davis, was charged in an information filed by the district attorney of Riverside County with the crime of grand theft in that he unlawfully and feloniously took personal property of another, to wit, a bovine animal. Upon arraignment, the defendant entered a plea of not guilty and was tried before a jury, which returned a verdict that he was guilty of the offense charged in the information. Thereafter he presented to the trial court a motion for new trial which was denied and judgment was thereupon rendered which provided that as punishment for the commission of the offense he be confined in the state prison for the term prescribed by law. The defendant then perfected this appeal from the judgment of conviction and from the court's order denying his motion for a new trial.

Appellant specifies four grounds of appeal upon which he relies. These are, first, that the verdict returned by the jury is contrary to law and is not supported by the evidence; second, that the trial court erred in refusing to permit appellant to give certain testimony; third, that there was not sufficient corroboration of the testimony of an admitted accomplice to justify the verdict of conviction; fourth, that the court erred in refusing to give certain instructions offered by appellant.

The record shows that evidence which tended to prove the following facts was submitted to the jury: On September 4, 1933, appellant proposed to his co-defendant that the latter accompany him on a fishing trip of several days' duration; that the two men set out in a small Chevrolet truck which was the property of and driven by appellant; that they went to the river, where they remained for a period of about one-half hour; that they left the river and proceeded to another location where they remained for approximately two hours; that they resumed their journey and about sundown they came upon a number of cattle; that among these cattle was a heifer about 9 to 12 months old, which was the property of one Wiley Hill, the complaining witness; that appellant suggested to his co-defendant Davis that the latter shoot the animal; that Davis acceded to the suggestion and shot the calf; that the two men then removed the entrails and loaded the carcass in

the truck; that they went to the home of one John Pedro, where appellant removed the head and one of the shoulders from the carcass and gave it to Pedro; that they went to the house of one Hesser, where appellant left another shoulder; that they then returned to the residence of Davis, where they hung the remainder of the carcass in some trees; that appellant remained at the Davis home during the night of September 4th, and on the following morning he skinned one-quarter of that part of the carcass which remained and took it with him.

Careful perusal of the entire record produces settled conviction that appellant's contention that the verdict is not warranted by the evidence is wholly untenable. Appellant was a witness in his own behalf during the trial and testified that he said to Davis "Shoot that calf and we will get some meat." He did state that the calf was his property but there was other evidence which tended to show that the calf was the property of Wiley Hill.

In connection with his attack upon the verdict as being contrary to law and unsupported by the evidence appellant contends that there was no showing by the prosecution of the value of the calf and that the mere killing of the animal in the absence of any evidence tending to show that appellant intended to steal the carcass and in the absence of proof that its value exceeded $200 would not justify his conviction of the crime of grand larceny. The statute under which the information was drawn is section 487 of the Penal Code. This statute provides that grand theft is committed when the property taken is of a value exceeding $200 or (3) "When the property taken is . . . any bovine animal." It may be conceded that if it may fairly be said that no evidence indicative of an intent to steal the animal was presented and in the absence of proof that its value exceeded $200 the commission of the offense charged was not established. (*People* v. *Smith,* 112 Cal. 333, 339 [44 Pac. 663].) The record, however, entirely fails to sustain appellant's contention and no more than a casual examination of it is required to demonstrate that ample evidence was produced from which the jury was fully justified in finding that appellant, who was present at the time the calf was killed, aided and abetted and solicited his co-defendant to kill the animal and that the

killing was done with the purpose and intention on the part of appellant and his co-defendant to steal the calf after it was killed and that in accordance with this previously formed purpose they proceeded to carry away the carcass. Appellant's contention in this regard is therefore entirely devoid of merit. (*People* v. *Wilcoxin,* 69 Cal. App. 267 [231 Pac. 377].)

▉ Appellant's second contention is also lacking in merit. At the time appellant was testifying in his own behalf he was interrogated on cross-examination by the district attorney with respect to a conversation between the district attorney and himself, which took place in the office of this official on September 16, 1933, and was asked if he had not made certain responses to specified questions propounded to him. Appellant categorically denied that he had given the indicated responses to the inquiries propounded. On rebuttal the prosecution called as a witness a stenographer in the office of the district attorney who testified that she was present at the conversation which took place between appellant and the district attorney on September 16, 1933, and that she took down in shorthand the questions asked by the district attorney and appellant's responses thereto and that appellant had given the responses indicated by the inquiries directed to appellant by the district attorney on cross-examination. Appellant resumed the stand as a witness in his own behalf on surrebuttal and the trial court, over the objection of the district attorney, permitted appellant to reopen his case in chief. Appellant then testified that he was twice called to the office of the district attorney after his arrest and that when he was asked on cross-examination if he had not given the responses indicated to inquiries propounded to him by the district attorney he thought that the cross-examination referred to his second visit; that he had given the indicated responses on the occasion of his visit to the office of the district attorney on September 16, 1933, and that on the occasion of his second visit he had refused to say anything.

It is not easy to discover just what it is of which appellant complains in his objection that the court refused to permit him "to testify in chief in the matter of all statements that he made in the district attorney's office pertaining to the subject matter of the case at bar and to correct his testimony". He was certainly allowed to testify

that he was mistaken when he was asked on cross-examination if he had not given designated responses to certain interrogatories propounded to him by the district attorney at the conversation of September 16, 1933; that the reason for the mistake was because he was confused as to the dates of the two conversations in which he participated at the office of the district attorney; that he had given the indicated responses at the conversation of September 16, 1933; that he refused to say anything on the occasion of his second visit.

It appears that the appellant complains because the court sustained an objection to the following inquiry propounded by his counsel: "Do you recall, then, Mr. Faust, what was said by the various parties present?" This inquiry evidently related to the conversation which occurred on the occasion of his second visit to the district attorney's office. Since appellant testified positively that he refused to say anything on this occasion, it would appear that the only possible purpose in making the inquiry was to get before the jury the questions propounded to appellant by the district attorney and statements of other persons who were there present. The bare recital of these inquiries and statements would obviously be hearsay of the rankest character. If a person charged with crime voluntarily confesses his guilt, evidence of his confession is admissible. (*People* v. *Rodley,* 131 Cal. 240 [63 Pac. 351]; *People* v. *Bliss,* 41 Cal. App. 65 [182 Pac. 63].) If, in the course of a conversation between an accused and some other person, it is shown that he gave certain replies not amounting to a confession of guilt to inquiries directed to him respecting the offense or if he remains silent in the face of such inquiries, evidence respecting his replies or his silence is admissible against him under the provisions of section 1870 of the Code of Civil Procedure. We know of no rule of evidence which permits a defendant in a criminal action to testify that, during a conversation which occurred between himself and some other person, certain inquiries were directed to him and certain statements were made by some other person there present particularly when he admits that he refused to answer any of the questions that were asked. We find ourselves compelled to confess frankly that we are unable to understand the materiality or the competency of the evidence sought to be admitted or what possible .benefit

appellant could have derived from its admission under the circumstances.

■ Appellant's third contention is that the testimony of the admitted accomplice, his co-defendant Davis, was not sufficiently corroborated to warrant appellant's conviction of the offense having in mind the positive language of section 1111 of the Penal Code that ''a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense''. No useful purpose could possibly be served by including in this opinion a prolonged analysis of the evidence other than the testimony of the accomplice which, in our opinion, fully and completely corroborated the damaging testimony of appellant's co-defendant. It will be sufficient to point to the fact that appellant's testimony most amply corroborated the testimony of the accomplice with respect to the important feature of the killing of the calf and the removal of the carcass. The fact of ownership of the animal was established by evidence wholly apart from the accomplice's testimony. That appellant and his co-defendant killed the calf intending to steal the carcass was made evident from the circumstances of the killing as they were narrated by appellant himself. Appellant's contention of insufficiency of corroborative evidence is therefore patently unmeritorious and deserves much slighter consideration than is here given to it.

■ The fourth and final contention of appellant is that the trial court erred in refusing to give certain specified instructions offered by him. These instructions are five in number. As to four of them an examination of all instructions given by the court indicates that the court was justified in refusing to give them for the reason that the subject matter of these instructions was sufficiently covered by other instructions given by the court. ■ The fifth instruction offered was in the following language: ''You, the jury, are instructed that a witness has a right to correct his testimony if he so desires.'' The record shows that appellant was permitted to correct certain testimony given by him and that he did fully explain the reason for the correction. There was, therefore, no occasion for the giving of this instruction. It was entirely superfluous and wholly unnecessary and the court very properly declined to give it.

For the reasons stated the judgment and order from which this appeal has been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.