[Crim. No. 310.   Fourth Appellate District.—May 21, 1935.]

THE PEOPLE, Respondent, v. CECIL MOON, Appellant.

Arthur E. Koepsel for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was accused of the crime of robbery in one count of an information and of the crime of grand theft in a second count. He was tried with a jury and at the close of the evidence for the prosecution the count charging robbery was dismissed on motion of the district attorney. The defendant then moved to dismiss the second count and also for an instructed verdict as to that count on the ground that the grand theft charge was included in the robbery charge, that the defendant had been once in jeopardy and that a dismissal of the first count automatically dismissed the second. This motion was denied, the defendant was convicted on the second count, and this appeal followed.

It appears from the evidence that the complaining witness, Claude Chilcoat, first met the appellant at a pool room in Santa Ana on January 21, 1935. They had a number of drinks of liquor together, at the expense of Chilcoat, after which the appellant asked Chilcoat to take him home. After going to a house, where they met three other men, the appellant and Chilcoat went out and bought some wine. Chilcoat paid for the wine and placed his pocketbook containing a $10

bill and four $1 bills in his rear left pocket with a can of tobacco. Then they returned to the house where the other men were and a little later Chilcoat felt somebody take something from his pocket and immediately discovered that his pocketbook and tobacco were gone. After a short conversation he searched the appellant but did not find the pocketbook. As Chilcoat was leaving, one of the men handed him his tobacco can which he picked up from a table. Before the appellant was searched one of the other men left the house. Shortly thereafter he was seen putting some bills in his pocket and covering something with loose dirt. A little later the witness who observed this returned and found Chilcoat's pocketbook buried there. This was preserved and produced at the trial. After Chilcoat left the other men went to a liquor store and made a purchase paying for the same with a $10 bill, although the man who paid for it admitted that he had had only $1.40 on that day. Another witness testified that later that evening he went to the house where these men were and that one of the men who was present when the money was taken told him that the appellant had taken the money. Although this statement was made in the appellant's presence, he made no reply.

The main ground urged for reversal is that the dismissal of the first count of the information constituted a "former acquittal" and that as the appellant had been once in jeopardy he could not be convicted on the second count. The crime of robbery contains an element which is not present in the crime of grand theft, and this contention is without merit. The information complied with section 954 of the Penal Code, and under the provision of that section even an acquittal on one count is not to be deemed an acquittal on the other. In *People* v. *Ranney*, 123 Cal. App. 403 [11 Pac. (2d) 405], the court said:

"The disposition of one count had no bearing upon the verdict with respect to other counts, regardless of what the evidence may have been. Each count must stand upon its own merit. The amendment to section 954 of the Penal Code conclusively settles this controversy adversely to the contention of the appellant. That section provides for the charging of 'two or more different offenses of the same class of crimes or offenses, under separate counts'. That section, as amended in 1927, then provides that, 'A verdict of acquittal

of one or more counts shall not be deemed or held to be an acquittal of any other count'. This language clearly means that each count in an indictment or information, which charges a separate and distinct offense must stand upon its own merit, and that a verdict of either conviction or acquittal upon one such charge has no effect or bearing upon other separate counts which are contained therein.''

And in *People* v. *Day,* 199 Cal. 78 [248 Pac. 250], in speaking of this section of the Penal Code, the court said:

''To hold that when two alternative counts are presented to the jury, an acquittal of a higher offense stated in one count, necessarily involves an acquittal of the lesser offense included therein and is a bar to the conviction of the higher offense set out in the alternative count, would practically nullify the beneficial object of the amendment. The true test as previously indicated is the presence of a fact necessary in one offense and absent in another.''

It was the purpose of the amendments to this section of the code and of section 4½ of article VI of the Constitution to do away with such technicalities as this and to eliminate them as grounds for a reversal.

It is next urged that the court erred in sustaining an objection to a question asked of the complaining witness as to whether he had not desired to drop the case because he did not believe the appellant had taken his pocketbook. The state of mind of the complaining witness was not in issue and what he believed was not evidence of any fact.

It is argued that the verdict is contrary to law and to the evidence, in that it rests entirely upon the uncorroborated testimony of an accomplice and that it does not appear that the appellant had an opportunity to take the pocketbook from the pocket of the complaining witness. In the latter respect it is claimed that this case is on all fours with the case of *People* v. *Silva,* 48 Cal. App. 728 [192 Pac. 330]. In that case the court held that there was no evidence to show that the defendant was near enough to the complaining witness to have abstracted his purse from his pocket or that he knew the defendant had the money on his person. In the case now before us, there is ample evidence that the appellant was standing to the left and close to the complaining witness at the time the latter felt someone taking the pocketbook from his pocket. The appellant had seen the complain-

ing witness make a number of purchases and knew he had the money and the complaining witness testified that at the time his pocketbook was taken the appellant was standing close to him on his left side, and that he was the only one in the room who was close enough to have reached his pocket. If the witness to whom the appellant refers as an accomplice was in fact such, his testimony was sufficiently corroborated by other evidence.

It is finally urged that the court, on its own motion, should have instructed the jury that petit theft is included in grand theft and that they might find the appellant guilty of the lesser degree of the crime. The money here in question was taken from the person of the complaining witness (section 487, Penal Code) and there is no evidence upon which the jury could have found the appellant guilty of petit theft. Under such circumstances it is well settled that an instruction relating to a lesser degree of the crime need not be given (*People* v. *Ferugia,* 95 Cal. App. 711 [273 Pac. 99]; *People* v. *Johnson,* 219 Cal. 72 [25 Pac. (2d) 408]).

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1935.