[Crim. No. 1644. Third Appellate District.—September 19, 1938.]

THE PEOPLE, Respondent, v. BOB KUHL, Appellant.

Richard H. Fuidge for Appellant.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant herein was indicted for the crime of grand theft, it being alleged that he killed and carried away a Jersey heifer calf, the personal property of W. C. Holmes. To this indictment the defendant entered a plea of not guilty. Upon the trial he was convicted of the offense charged, and from this judgment of conviction this appeal is prosecuted.

Appellant contends that there was no evidence that the animal referred to belonged to or was taken from the ranch of Holmes, and that he was convicted on the uncorroborated testimony of admitted accomplices and that the court erred in failing to instruct as to petty theft.

At the time this offense is alleged to have been committed appellant was living with Ivan Kendall, Bud Gividen and Arthur Gates on a ranch known as the Filby place. On the evening in question appellant, with Gividen and Kendall left the Filby ranch and after traveling about the countryside searching for hogs, they finally came to what is known as O'Banion Corners near the property of W. C. Holmes, the complaining witness. These men, including appellant, left the car, which had been driven down a country road, went

through a couple of fences and proceeded toward a barn. Finding no hogs they were returning to the car when appellant, who had a .22 caliber rifle, remarked that "one of these are good enough". Directly thereafter a shot was heard by Gividen who, in response to a call from appellant, went to where he was and assisted him in picking up a Jersey heifer calf. The calf was taken to the Filby place, where the skin and head were thrown into an irrigating ditch, from where it was later removed by the sheriff and identified by Holmes as being from a calf of the size and color of one that he had lost from his herd. Holmes testified that he had lost a calf about the time that these men were on their hunting expedition, and also testified that along his property line was a double fence which enclosed the pasture wherein the calf was, which also formed a lane which ran from the pasture to the corral and the barn. This testimony bore out that given by Gividen that when he and appellant entered the field where the shot was fired and from which the calf was removed they had to cross two fences to get into the field and that the two fences were ten or twelve feet apart. These facts, together with the testimony of Holmes and the sheriff, constitute sufficient evidence for the jury to determine that the calf was taken from the Holmes property.

The testimony of Gates and one William Jones was to the effect that they saw appellant and his accomplices bring in the calf on the night in question and thereafter skin and dress the animal. This testimony was sufficient to justify the jury in deciding the calf belonged to Holmes and was stolen by appellant, and corroborated the testimony of the accomplices.

In *People* v. *Faust*, 137 Cal. App. 549 [31 Pac. (2d) 213], defendant was there charged with the shooting and theft of a calf in which the same points on appeal were then raised as are here presented. The Faust case held the judgment of conviction was proper.

Objection is also made that the court refused to give an instruction that the crime of petty theft was included in the charge of grand theft, and that if the jury did not believe the defendant guilty of the crime of grand theft they might still find him guilty of petty theft if they found the value of the property to be less than $200. Under the evi-

dence the refusal of the court to give this instruction was not error.

The record amply supports the finding of the jury and the judgment herein is affirmed.

Thompson, J., concurred.