[Crim. No. 2382.   Third Dist.   Feb. 6, 1953.]

THE PEOPLE, Respondent, v. JOSEPH PIAZZA, Appellant.

A. F. Bray, Jr., and John F. Baldwin for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Leo V. McInnis, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—This is an appeal from a judgment of conviction of petty theft. The sole question presented by appellant is: "May a defendant indicted for grand theft under Penal Code, section 487(3), for the taking of a sheep be convicted of the crime of petty theft under the same indictment?"

Before discussing this question we shall summarize the evidence as shown by the record.

Joseph and Charles Piazza are brothers, Charles residing on a ranch owned by one Ross Noonan, by whom Charles was employed. The Noonan sheep ran loose on this property and in the yard surrounding the residence. Charles had several lambs belonging to him personally. Late Sunday afternoon, February 17, 1952, after having visited with his brother over the week-end, defendant Joseph Piazza was preparing to return to his home in Cupertino; Charles at this time offered defendant one of his sheep. Defendant was reluctant to take the time necessary to slaughter the animal, but he finally consented. In response to defendant's question as to which lamb he should take, Charles told him to "take one that is cooped up." Defendant then went out into the yard, grabbed a lamb, struck it over the head, cut its throat, strung it up in the barn and started skinning it. When the animal was about half skinned, Charles came up to the door of the barn and told defendant he had killed the wrong lamb. Thereupon the brothers had a strong argument in the yard, appellant went back into the barn, finished the skinning, and left the premises with the animal. Defendant dropped the entrails and hide into a ditch alongside the Benicia road. These discarded items were investigated two days later, on February 19, 1952, by Stanley M. Emerson, Chief Criminal Deputy Sheriff of Solano County. Several days later, on February 21, 1952, Emerson went to Cupertino where the meat was found in defendant's deep freeze; defendant at that time contended that Charles had given him the sheep, that he had not killed it, and that it was hung up when he first saw it. Defendant's reason for telling this story was that he thought he was going to be thrown in jail. Both Charles and Joseph were indicted for grand theft,

but Charles was acquitted and is not involved in this appeal. The defense presented by Joseph was that of mistake and ignorance in that he had simply slaughtered the wrong animal. The hide discharged on the Benicia road was identified by Ross Noonan as coming from one of his sheep because it was marked by a square red "N" and also had his earmarkings consisting of underbites on both ears and a notch cut out of the right ear. Defendant said he was unaware of the red "N" on the hide, although he did notice something resembling a grease spot on the belly of the lamb. No evidence as to value was presented to the jury.

At the conclusion of the arguments to the jury there was a discussion between court and counsel outside of the presence of the jury relative to the instructions to be given to the jury, and counsel for appellant objected to the giving of any instruction on petty theft or to the submitting of any such verdict to the jury upon the ground that petty theft was not an included offense under the crime of grand theft charged in the indictment. The court overruled these objections and instructed the jury that if they found the defendant guilty of theft, they must then determine whether such theft was grand theft or petty theft and must state the degree of the theft in their verdict. Included in the verdicts prepared by the court for the jury was the one which was used by the jury in finding appellant guilty of petty theft.

Section 487 of the Penal Code provides as follows:

"Grand theft is theft committed in any of the following cases:

"1. When the money, labor or real or personal property taken is of a value exceeeding two hundred dollars ($200); provided, that when domestic fowls, avocadoes, citrus or deciduous fruits, nuts and artichokes are taken of a value exceeding fifty dollars ($50) the same shall constitute grand theft.

"2. When the property is taken from the person of another.

"3. When the property taken is an automobile, horse, mare, gelding, any bovine animal, any caprine animal, mule, jack, jenny, sheep, lamb, hog, sow, boar, gilt, barrow or pig."

Section 488 provides: "Theft in other cases is petty theft."

Appellant contends that inasmuch as he was charged with grand theft, committed by stealing, taking and carrying a sheep, he could only be found guilty of grand theft or acquitted. He argues that since the jury found him guilty

of petty theft, it in effect acquitted him of grand theft, the crime with which he was charged. Appellant then argues that while larceny or theft is divided into two degrees, grand and petty, grand theft itself is not divided into degrees, and that, therefore, when a defendant is charged with the taking of a sheep, which offense falls only within the category of grand theft, the jury is not concerned with the degree. (15 Cal. Jur. 889; *People* v. *Price,* 67 Cal. 350 [7 P. 745].) Appellant cites *People* v. *Prather,* 120 Cal. 660 [53 P. 259], wherein the court approves instructions given by the trial court to the effect that in a prosecution for the felonious taking of calves, cows, steers and bulls, the jury would not be at liberty to find the defendant guilty of petty larceny but must either find him guilty of grand larceny or not guilty. Appellant also attacks the giving of the instructions on petty theft as erroneous and inapplicable because the matter of value did not appear in the evidence, nor was it relevant under the offense as charged. Cited are *People* v. *Kelly,* 24 Cal.App. 54 [140 P. 302], and *People* v. *Huntington,* 138 Cal. 261 [70 P. 284], which, while dealing with a different kind of offense, are analogous in that they hold that it is error to give instructions having no application to the case at hand. Appellant then argues that the rule was early established that in charging the crime of grand theft of an animal, the value need not be stated, citing *People* v. *Townsley,* 39 Cal. 405. Other cases cited holding that instructions calling for a petty theft verdict are not required where the crime charged is a type of grand theft in which value is not concerned are *People* v. *Kuhl,* 28 Cal.App.2d 471 [82 P.2d 715] (theft of calf); *People* v. *Moon,* 7 Cal.App.2d 96 [45 P.2d 384] (theft of money).

Respondent in reply first argues that the evidence of appellant's guilt of grand theft is clear, and that, therefore, he has not been prejudiced by his conviction of petty theft only, even though it may have been error to give the instruction as to petty theft. Respondent cites *People* v. *Grafft,* 61 Cal.App. 7, where the court said at page 13 [214 P. 273]:

"This assignment is unique in that it really is an objection by defendant Grafft that he was convicted of murder in the second instead of the first degree, for, from the evidence adduced at the trial, the jury might very properly have found defendant Grafft guilty of murder in the first degree. The error of which he complains redounded to his advantage

rather than to his prejudice. (*People* v. *Tugwell*, 32 Cal.App. 520 [163 P. 508].)''

Respondent also quotes from *People* v. *Jenkins*, 118 Cal. App. 115, at 118 [4 P.2d 799], as follows: ''The fact that the jury found the defendant guilty in a lesser degree than the evidence may have warranted, being to his advantage, he is in no position to complain.''

Respondent also cites *People* v. *Blackwood*, 35 Cal.App.2d 728, where the court said at page 733 [96 P.2d 982]:

''These authorities are to the effect that where the evidence shows the defendant to be guilty of murder but the jury is instructed as to manslaughter and brings in a verdict of guilty of manslaughter, the judgment will stand.''

We are satisfied that it was error to instruct the jury on petty theft and to submit to them a verdict as to petty theft, because petty theft was not included within the charge for which appellant was indicted, and hence the authorities cited by respondent are not in point.

We are unable to agree with respondent's contention that the error did not result in a miscarriage of justice and that the conviction of petty theft should be affirmed by reason of section 4½ of article VI of the California Constitution. Applicable to this contention is the language of our Supreme Court in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, at 593 [177 P.2d 279]:

''For these reasons the adoption by the trial court of the standard of care imposed by a statute or ordinance becomes an important factor in imposing liability. The instruction given by the court on its own motion had the effect of minimizing, if not completely negativing, the code provision. It was, therefore, erroneous and considering the direct conflict in the evidence, constituted 'a miscarriage of justice' within the meaning of article VI, section 4½ of the California Constitution.''

Appellant was entitled to have the case against him submitted to the jury on the basis of whether or not he was guilty of the offense of grand theft. His counsel objected to the giving of instructions as to petty theft. The trial court overruled such objections and not only erroneously instructed the jury that petty theft was included in the offense with which appellant was charged but submitted to the jury verdicts of guilty of grand theft, guilty of petty theft, and not guilty. The state of the record is such that it is extremely doubtful that the jury would have found appellant guilty of grand theft if they had been correctly instructed that the only ver-

dict they could render was one of grand theft or one of not guilty. It is quite likely that the jury may have felt that the appellant was not guilty of grand theft but that he was somewhat careless and should therefore be found guilty of the milder offense of petty theft, which under the court's instructions they were justified in believing they had a right to do. We therefore, conclude that the error in the instant case was such that section 4½ of article VI of the Constitution cannot save the judgment of conviction of petty theft from reversal.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.